492

JEAN TEMPLE, PETITIONER, v. STORCH TRUCKING COMPANY, RESPONDENT.

Hudson County Court
Law Division

Decided February 10, 1954.

Civil Action. On application to vacate judgment from record.

*Mr. Robert G. Gruhin* for and of counsel for the petitioner.

*Messrs. Toner, Crowley, Woelper & Vanderbilt* (*Mr. Robert A. Vanderbilt,* of counsel), for the respondent.

ZIEGENER, J. C. C. This is an application made by Storch Trucking Company, the respondent, to vacate and expunge from the records of the Clerk of the County of Hudson, a certain rule for judgment in favor of Jean Temple, the petitioner, and against said respondent, docketed or filed in said county clerk's office on May 9, 1951, on the grounds that the said judgment is void, it having been reversed by the appellate courts, and that therefore it is an invalid judgment and was illegally filed.

This rule for judgment was entered by the Workmen's Compensation Court on August 5, 1947, in favor of the petitioner and against the respondent, and was the result of a case in that court to recover compensation for the death of petitioner's husband, Charles E. Temple, an employee of respondent who died of a heart attack on November 30, 1945, on the New York side of the Holland Tunnel, while

driving a trailer truck belonging to respondent. The decedent started that morning from New Jersey and in connecting the trailer to the tractor and in getting started experienced some difficulty which the petitioner contended, contributed to the heart attack.

On September 4, 1947, respondent appealed the judgment of the Workmen's Compensation Bureau to the Hudson County Court of Common Pleas, the case having arisen under the old Constitution, and the Hudson County Court as successor to the Common Pleas Court affirmed the award in favor of petitioner.

Respondent appealed to the Superior Court, Appellate Division, 2 *N. J. Super.* 146, which reversed the judgment below, whereupon petitioner appealed to the Supreme Court of New Jersey, 3 *N. J.* 42, which affirmed the Superior Court. The Superior Court ruled that the fatal heart attack which the deceased suffered was not attributable to any unusual strain or exertion of the employment, and that therefore the death did not result from an accident arising out of and in the course of the employment.

The Supreme Court in its opinion pointed out that the petitioner, in her reply brief, contended for the first time that the appeal from the Bureau to the Common Pleas Court was in error, because the accident happened in New York, and that instead of appealing the respondent should have proceeded by a writ of *certiorari* issuing out of the former Supreme Court and directed to the Workmen's Compensation Bureau, so that the Common Pleas Court did not have jurisdiction to receive the appeal, and further contended that since the law then directed that the Common Pleas Court should determine compensation cases within 90 days after the filing of the transcript, and this was not done, the appeal was nullified. The Supreme Court held that although the deceased actually died in New York, the incidents which are considered as the accident all occurred in New Jersey, and therefore the petition was properly filed in New Jersey; also that petitioner was not harmed by the appeal to the Common Pleas Court, assuming it should have been taken

to the former Supreme Court by *certiorari* proceedings, because the case was decided on appeal by the court which succeeded the Supreme Court, that is the Appellate Division of the Superior Court; and the Supreme Court further ruled that the 90 days within which the Common Pleas Court was to determine cases was directory and not mandatory.

In opposing the application of the respondent to expunge the judgment, petitioner raises before this court the same points raised in the reply brief in the New Jersey Supreme Court, all of which were ruled upon adversely to her by said court. The petitioner further contends that the judgment in her favor filed in the county clerk's office is not a judgment of this court and that this court does not have jurisdiction in the matter and therefore cannot order it expunged; that it is merely filed in the clerk's office for collection purposes. This is not so since *R. S.* 34:15–58 provides among other things that judgments so filed shall have the same effect and be docketed in the same manner as judgments rendered in causes tried in the County Court.

It appears definitely to this court that the petitioner is seeking to have her claim re-opened and tried anew after it has been tried and adjudicated. The case was previously decided by the court of this State and it is *res adjudicata*, so that the judgment filed by petitioner on May 9, 1951 was a nullity since it was filed as a judgment of this court, this court has jurisdiction over it, and it is the only court to which application for relief could be made. An appeal could not be taken from it to the Superior Court because it is no longer a judgment, it having been so ruled by the New Jersey Supreme Court, because of the affirmance of the judgment of the Appellate Division of the Superior Court which reversed the judgment in favor of petitioner.

On January 31, 1950, the mandate on affirmance of the Supreme Court was filed in the office of the County Clerk of Hudson County, and on January 25, 1950 the Hudson County Court ordered that the judgment previously made

by it in favor of the petitioner on June 11, 1948 be reversed, and ordered and adjudged that judgment of dismissal in favor of respondent and against petitioner be entered, which judgment of reversal was filed in the county clerk's office on January 31, 1950, or more than a year and three months before petitioner's original judgment in her favor was filed on May 9, 1951. There cannot be two valid judgments in one case, one in favor of a party and the other against the same party. Since respondent's judgment was entered prior to petitioner's, and was so filed in pursuance of the order of this court it is the valid one, while that of petitioner which was filed more than a year thereafter and contrary to the order of the Supreme Court, in an appeal in which the petitioner was a party, is an invalid judgment and must be expunged from the records. If petitioner questioned the reversal of its judgment it was incumbent on her to appeal it or take such other steps as were open to her to legally review it.

█ █ The petitioner argues that the County Court did not have jurisdiction in the matter because the decedent died in New York, and therefore the respondent should have proceeded by *certiorari*; and that since respondent appealed to the Superior Court all proceedings thereafter including the appeal to the Supreme Court are null and void. However, the petitioner did not raise this question in the Appellate Division, but did raise it in the Supreme Court where it was considered and ruled upon. It is for that reason that this court will not consider petitioner's contention in that respect.

Therefore, the application of the respondent to expunge the said judgment from the records of the county clerk's office of Hudson County is hereby granted.