287 N.J. Super. 510 (1996)
671 A.2d 602
R H LYTLE CO., PLAINTIFF-APPELLANT,
v.
SWING-RITE DOOR CO., INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 30, 1996.
Decided February 20, 1996.
*511 Before Judges MICHELS, BAIME and KIMMELMAN.
Presler and Pressler, attorneys for appellant (Ilona A. Praschak, on the brief).
Michael V. Dowgin, attorney for respondent (Mr. Dowgin, on the letter-brief).
Richard Eichenbaum, Chair, Special Civil Part Committee, attorney for amicus curiae New Jersey State Bar Association (Mr. Eichenbaum, of counsel and on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
Plaintiff appeals from the dismissal of its complaint for failure to appear on the date set for trial. We hold that the Special Civil Part mistakenly exercised its discretion by denying plaintiff's request for an adjournment to complete discovery within the 100 day period allowed by our rules.
The facts are not in dispute. Plaintiff filed a complaint against defendant alleging that $2,819.84 was due and owing on a book account. Defendant was served with the summons and complaint on February 21, 1995, and filed its answer consisting of a general denial on March 15, 1995. Plaintiff sent interrogatories and requests for admissions on March 25, 1995. Defendant reciprocated by sending interrogatories on April 3, 1995. A settlement conference was conducted on April 3, 1995, and the trial was scheduled for April 27, 1995. On April 21, 1995, plaintiff's attorney *512 advised the clerk of the Special Civil Part by letter that discovery had not been completed and requested an adjournment of the trial. Although plaintiff's attorney received no response to his letter, he did not appear on the scheduled trial date. Defendant's attorney, who was present in court, telephoned plaintiff's lawyer, who then contacted the clerk and renewed his request for an adjournment. The Special Civil Part judge denied plaintiff's request and dismissed the complaint without prejudice. This appeal followed.
We decide this case in the following context. The parties were entitled to discovery as of right because the amount in controversy exceeded the monetary limit of the Small Claims Section. R. 6:4-3(f). Pursuant to R. 6:4-3(a), the parties had the right to serve interrogatories with the understanding that the time periods provided in R. 4:17-2 and R. 4:17-4 for serving and answering interrogatories are each reduced to thirty days in Special Civil Part actions. Under R. 6:4-5, the parties were required to complete discovery within 100 days of the date of service of the original complaint. At the time plaintiff requested an adjournment, it had not yet received defendant's answers to its interrogatories. Moreover, its answers to defendant's interrogatories were not due until May 3, 1995, six days after the scheduled trial date. Further, the 100 day period for completion of discovery was to expire on June 1, 1995.
Against this backdrop, we are satisfied that the Special Civil Part mistakenly exercised its discretion when it denied plaintiff's request for an adjournment. Although R. 6:4-5 has never been amended, our Supreme Court has approved the practice of "short calendaring," i.e., scheduling trials within the 100 day period during which discovery must be completed. Notice to the Bar: Special Civil Part "Short Calendaring", 120 N.J.L.J. 646 (1987). Nevertheless, applications for adjournments based on the need for discovery within the 100 day period "should be liberally granted." Ibid. We appreciate the desirability of expediting the disposition of civil cases. See Connors v. Sexton Studios, Inc., 270 *513 N.J. Super. 390, 395, 637 A.2d 232 (App.Div. 1994); Audubon Volunteer Fire Co. No. 1 v. Church Constr. Co., 206 N.J. Super. 405, 406-07, 502 A.2d 1183 (App.Div. 1986). Ordinarily, the prompt resolution of civil disputes serves the parties' interests. Audubon Volunteer Fire Co. No. 1 v. Church Constr. Co., 206 N.J. Super. at 406-07, 502 A.2d 1183. However, swift justice demands more than the rapid disposition of cases. Henderson v. Bannan, 256 F.2d 363, 390 (6th Cir.) (Stewart, J., dissenting), cert. denied, 358 U.S. 890, 79 S.Ct. 129, 3 L.Ed.2d 118 (1958). The prompt disposition of cases is an important value, but it is not the end in itself of judicial administration. It is only one method by which we seek to achieve the ultimate goal of our court system  the fair resolution of controversies and disputes. That is the purpose for which we as judges hold office.
We quickly add that we do not condone the conduct of plaintiff's attorney. Clearly, plaintiff's lawyer should not have relied upon his written request for an adjournment, to which he had received no response. Counsel should have appeared on the scheduled trial date to renew his request.
The order of dismissal is reversed and the matter is remanded to the Special Civil Part for trial.