881 A.2d 814

CAPITAL ONE BANK, ASSIGNEE OF SIGNET BANK/VIRGINIA, PLAINTIFF, v. LINDA M. MONGE, DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Cape May County

Decided July 17, 2005.

*Keith J. Golub, Nudelman, Nudelman & Ziering,* for plaintiff.

Linda M. Monge, pro se defendant.

WILLIAM C. TODD, III, P.J.Cv.

This opinion deals with the right to prejudgment interest in an action to collect a debt. At issue is whether a party's right to recover prejudgment interest pursuant to a contract is subject to the party's obligation to prosecute the claim in question promptly. This court has concluded that the right to prejudgment interest is subject to that obligation and has limited an award of interest on that basis.

This is an action to recover on a credit card debt. Plaintiff's complaint was filed in the Special Civil Part on March 30, 2001. The complaint alleged that defendant was indebted to plaintiff for $1680.17 in basic charges, $121.48 in interest, and $336.03 for attorney's fees. Those amounts all appear to be consistent with the credit card agreement entered into by the parties and the account statements issued through the time the complaint was filed. Interest was being charged on the balance due at the rate of approximately 25% per annum.

The complaint was served on defendant shortly after it was filed. In accordance with the rules governing proceedings in the special civil part, the summons and complaint were served by court staff by mail. Defendant did not respond to the complaint and her default was entered automatically on April 23, 2001. There was no action taken through the court system from that time until February 2005, when plaintiff filed a motion to enter judgment based on the prior default. That motion requested the entry of judgment in the amount of $3,984.99. Plaintiff's certification of proof indicated the principal amount had remained the same, subject to a credit for $50 in payments that had been made. The claim for attorney's fees remained at $336.03, computed based on a formula set forth in the applicable statute. *See N.J.S.A.* 17:16C–42(d). The claim for prejudgment interest, however, had increased from $121.48 to $2,018.79, computed at the rate of approximately 25% per annum.

Initially defendant did not respond to the motion to enter judgment. The court was concerned with the delay that had occurred and with the substantial interest charges being sought and scheduled the matter for a hearing. Defendant then responded in writing and appeared at the hearing. In her written response, defendant acknowledged responsibility for the underlying debt, but expressed surprise at the substantial interest charges being claimed. In the course of the hearing, defendant also indicated that she had developed an organized plan for the payment of a number of other credit card debts with the assis-

tance of a third party sometime in 2003, but did not include this obligation in that plan since she had forgotten about this particular debt. She indicated she was continuing to make payments to her other creditors in accordance with that plan.

The court asked plaintiff to explain the delay that had occurred from April 2001 when defendant's default was entered to February 2005 when the motion to enter judgment was filed. There was no direct response to that inquiry, aside from the submission of a handwritten note plaintiff apparently received from defendant in September 2001, noting defendant's desire to pay the debt in question and offering payments in the amount of $25 per month.

For a variety of reasons, the court is not convinced it is appropriate to award prejudgment interest in the amount requested by plaintiff, which is based on an interest rate many would consider excessive. The manner by which interest is to be computed is dealt with generally in *R.* 4:42–11. The rule itself does not deal specifically with the issue presented here, which involves awards of prejudgment interest in contract actions. *R.* 4:42–11(a) does deal with the computation of interest which accrues after a judgment has been entered and is applicable to all types of actions. The interest allowed on judgments after they have been entered is relatively modest. Over the past ten years the rate at which post judgment interest accrues has ranged from a high of 6% per annum to a low of 1% per annum, subject to some modest upward adjustment for judgments in excess of the monetary limits in the special civil part. *R.* 4:42–11(b) does deal with prejudgment interest, but only in the context of tort actions. *R.* 4:42–11 does not address whether or how prejudgment interest is to be computed in contract actions. *R.* 6:6–3(a) deals with the entry of judgment by the clerk following a default in the Special Civil Part. That rule does provide instructions to the clerk as to the computation of prejudgment interest in contract actions. Where the contract is specific, the clerk is authorized to award interest at the contract rate. If that is not the case, the clerk is directed to award prejudgment interest at the post judgment rates indicated

in *R.* 4:42–11(a). By its own terms, the rule does not appear to apply when the application for judgment is presented to the court and not to the clerk.

These issues have been addressed in our case law. Generally, our cases recognize awards of prejudgment interest are discretionary and should be based on equitable principles. *See Bak-A-Lum Corp. v. Alcoa Building Prod.,* 69 *N.J.* 123, 351 *A.*2d 349 (1976). By the same token, claims for interest may be based on contract, when the parties have reached specific agreements on the issue. *See Meshinsky v. Nichols Yacht Sales, Inc.,* 110 *N.J.* 464, 541 *A.*2d 1063 (1988); *Ellmex Constr. Co., Inc. v. Republic Ins. Co.,* 202 *N.J.Super.* 195, 494 *A.*2d 339 (App.Div.1985), *certif. denied,* 103 *N.J.* 453, 511 *A.*2d 639 (1986).

This case involves circumstances not addressed in the rules or the case law. Plaintiff has come to the court to enforce an obligation that arises under the parties' agreement, and presumably can be expected to proceed as contemplated under our rules. At plaintiff's request, defendant was served with a summons and complaint approximately four years ago. At that point, it would be reasonable for defendant to conclude that any dispute would be resolved within the court system fairly and promptly. In this case, however, it appears plaintiff elected to delay that anticipated resolution for an extended period of time. It is one thing to permit that delay. It is another thing to expect the court to be involved in a process which exposes defendant to an exorbitant rate of interest for an extended period of time. To now award interest at the rate indicated in the parties' agreement would have that effect. This court is not convinced that would be appropriate.

This problem arises, at least in part, from an anomaly in our court rules. As already noted, plaintiff was served with the summons and complaint in the spring of 2001 and was defaulted around that same time. No further action was taken by plaintiff for approximately four years, until the motion to enter judgment was filed. Had this matter been pending in the Law Division it would have been subject to dismissal for lack of prosecution under

*R.* 1:13–7 long ago. Under that Rule, complaints pending in the Law Division have been subject to dismissal when no action has been taken following a default for a relatively short period of time. Reinstatement then requires an application to the court, which might decline to reinstate the complaint or impose some conditions on the matter following reinstatement. *See Rivera v. Atl. Coast Rehab. Ctr.,* 321 *N.J.Super.* 340, 729 *A.*2d 42 (App.Div.1999). Separate provisions of the Rule, dealing with actions pending in the Special Civil Part, have not required dismissal unless a defendant has not been served. Cases in the Special Civil Part can remain pending for long periods of time after there has been service of process and a default, as was the case here.

The circumstances presented here illustrate an obvious problem. If a plaintiff who has entered into an agreement providing for substantial interest payments is permitted to recover prejudgment interest throughout the period of an extended default, that plaintiff will have a substantial incentive to delay the litigation. Had judgment been entered in this case immediately following defendant's default, interest would have accrued post judgment at the relatively modest rates suggested above, between 6% per year and 1% per year. By delaying the entry of judgment, plaintiff presumably increases its rate of return substantially, receiving at least five times the return allowed under the court rules. It is difficult to justify that result, particularly given the court's expressed desire to see that litigation is generally resolved promptly and efficiently. *See R.H. Lytle Co. v. Swing–Rite Door Co., Inc.,* 287 *N.J.Super.* 510, 671 *A.*2d 602 (App.Div.1996). That is particularly true where it is apparent defendant may have been misled into believing that the matter was being resolved through the court system more promptly.

This court is satisfied it would be inappropriate to permit an award of prejudgment interest at rates substantially in excess of those permitted post judgment in the circumstances presented here. There is no reason to encourage the type of delay at issue here. Any substantial award of interest would be inconsistent

with our general goal of encouraging the prompt and efficient resolution of litigation. In other contexts, the courts have recognized that equitable considerations may be implied in resolving disputes with regard to interest. *See Shadow Lawn Sav. & Loan Ass'n v. Palmarozza,* 190 *N.J.Super.* 314, 463 *A.*2d 384 (App.Div. 1983), allowing post judgment interest to run at a contract rate higher than the post judgment interest permitted under the Rule based on the court's analysis of the particular circumstances presented there.

For all those reasons, the award of prejudgment interest in this case will be substantially limited. Prejudgment interest will be awarded at the contract rate, but only through the date of default. Prejudgment interest from the date of default to the date of judgment will be in the amounts specified in *R.* 4:42–11(a), dealing with interest which is normally assessed after a judgment has been entered. From this court's perspective, it may be appropriate to limit requests for prejudgment interest in this way in any case in which a plaintiff has failed to request the entry of judgment within six months of a defendant's default unless there is some specific justification for that delay.

An order has been entered accordingly.