Mallalieu v. Wickham.

---

## FRANK A. MALLALIEU

*v.*

## WILBUR N. WICKHAM et al.

A mortgagee in possession may be required to account to a subsequent judgment creditor of the mortgagor, who obtained his judgment after the mortgagee entered.

---

On motion to strike out parts of an answer.

*Mr. W. C. Fisk,* for the motion.

*Mr. H. V. Condict, contra.*

BIRD, V. C.

The complainant files a bill to foreclose a mortgage on the lands of one of the defendants. Another defendant, Newkirk, who was made a party because he had obtained a judgment against the mortgagor, answers and says that the complainant is in possession of the mortgaged premises, and has been for a long time, and that he should account for the rents and profits.

So much of the answer as relates to this possession and accounting, the complainant moves to strike out. He rests this motion on the ground that he took the possession under his mortgage long before the defendant obtained his judgment, which act of taking possession so destroyed the mortgagor's equity of redemption that nothing of interest was left in the mortgagor that the judgment could become a lien upon ; and consequently, having no lien, he is not entitled to be heard in his effort to compel the mortgagee in possession to account. It is said that this resistance is fully supported by the case of *Ketchum* v. *Johnson 3 Gr. Ch. 370, 377.* In this case it is said : " By the English law the equity of redemption, even if the mortgagor remain in possession, cannot be sold on execution at law, but in this country it is otherwise. The mortgage is deemed with us a mere security for a debt, and the property may be sold by execution subject to the lien. It may well be doubted, however, whether this is so when the mortgagee is in possession, for if the mortgagor surrenders that, the position of things is materially changed. The entry of the mortgagee, or a foreclosure, puts a new aspect on the rights of the parties. Before entry or foreclosure it is held that the equity of redemption may be sold on execution against the mortgagor, but not afterwards. Then the legal title in the mortgage becomes the subject of a sale by execution against him. This is the doctrine recognized in *Jackson* v. *Willard, 4 Johns. 42 ; Collins* v. *Torry, 7 Johns. 282.*"

Accepting the law as thus expounded, the inquiry is not ended. The whole case is not met. The inquiry does not cease with the determination of the question whether or not the judgment creditor can find things tangible on which to levy. For equity often aids a judgment creditor when his law execution is wholly una-

Mallalieu *v.* Wickham.

vailing. Indeed, this seems to be a highly favored and most useful branch of equity jurisprudence. On every hand creditors are seen coming to this tribunal to have their judgments at law satisfied out of equitable interests of the defendants.

In this very case the defendant mortgagor has rights; manifestly equities exist between him and the complainant, else why is the complainant here in court? Why does he file his bill to foreclose? Undoubtedly to cut off or bar the right of redemption which the mortgagor still has. " Once a mortgage always a mortgage." I cannot conceive of such a thing as a mortgage or pledge without the right to redeem the thing pledged. But the complainant treats the title under which he has possession as a mortgage, and all the equities which the mortgagor ever had he still has, amongst which is the right to an account from the mortgagee in possession, extending to all the rents and profits. This is such familiar law that I will not cite authorities.

Therefore, it seems to follow, as a matter of course, that the judgment creditor of the mortgagor is likewise entitled to an account. It is simply a question of the amount due upon the mortgage of the complainant. It can make no difference whatever how he has been paid, if paid at all, whether by the cash of the defendant mortgagor, or by the products of his lands subject to the mortgage. In such cases the law does not bar the creditor, if the mortgagor refuses or declines to demand the account; the law permits the creditor to make it. Were it otherwise, debtors would find the most abundant protection against the just demands of their creditors, not only from executions at law, but from all proceedings in equity.

I will advise an order denying the motion to strike out, with costs.