## LOUIS SIMON, PETITIONER, v. NEW JERSEY ASPHALT AND PAVING COMPANY, RESPONDENT.

Submitted September 2, 1939—Decided September 11, 1939.

Before Justice PERSKIE, in chambers, pursuant to statute.

For the petitioner, *Philip M. Chamberlin.*

For the respondent, *Wall, Haight, Carey & Hartpence.*

PERSKIE, J. The subject-matter in dispute relates to the amount of interest to which petitioner, employe, is entitled upon the respective items embraced within the amount which he was awarded against respondent, his employer.

Petitioner was injured on June 12th, 1931. He was paid compensation benefits by respondent's insurance carrier until December 28th, 1932; those payments totaled $1,420. Thereafter, on April 13th, 1933, after final hearing, the bureau awarded petitioner $2,000 to be paid at the rate of $20 a week for two hundred weeks, commencing October 21st, 1932; the bureau also awarded $400 counsel fee and $95 to cover

fees for medical witnesses and stenographer charges. Judgment based upon these awards was docketed in the Mercer County Court of Common Pleas and docketed in the Supreme Court, on April 24th, 1933.

Respondent failed to pay the judgment. On July 24th, 1939, petitioner caused execution to be issued and on July 31st, 1939, the sheriff of Hudson county made a levy upon moneys in the hands of the county of Hudson and due to respondent. The county of Hudson admits the debt but respondent, as already indicated, challenges the inclusion of interest on the several items embraced in the award and upon which judgment was entered.

Petitioner claims he is entitled to:

1. Interest on the sum total of the weekly payments remaining unpaid between October 21st, 1932, and April 24th, 1933, from the time when the judgment was docketed and since when it has remained unpaid.

2. Interest on each installment due, after the judgment was docketed, from the time each weekly payment became due.

3. Interest on $495, counsel fee, &c., from April 24th, 1933.

Respondent's challenge of petitioner's right to interest, as claimed, is that under *R. S.* 34:15-66.1 (permitting the docketing of a judgment of the Pleas in the Supreme Court and permitting the entry of an order that the entire amount of compensation shall become due immediately upon failure to comply with original order) petitioner is merely provided with additional means of collecting the amount of his award but that it does not permit the inclusion of interest thereon from the date of the docketing of the judgment based upon the award; and that if it were not so, provisions of *R. S.* 34:15-28 (permitting the inclusion of interest at the rate of five per cent.—in the discretion of the bureau—whenever lawful compensation is withheld from the employe or his dependents for a term of three months) would be rendered nugatory by the immediate docketing of the judgment in the Supreme Court. Respondent further argues that if the judgment docketed in the Supreme Court does carry interest, such interest must run only (a) upon the amount due petitioner exclusive of counsel fees and compensation for medical

fees and stenographer charges; and (b) from the date when the entire amount payable under the award became due.

*First: As to petitioner's first claim.* It is altogether settled that "* * * interest is no part of a debt unless so stipulated in the contract; that usually it is of statutory origin and is awarded as damages for the retention of the debt." *Warren Bros. Co.* v. *Hartford, &c., Co.,* 102 *N. J. L.* 616 (at *p.* 619). The only provision for the allowance of interest on an award in a compensation case brought to my attention is *R. S.* 34:15-28.

Petitioner, it should be observed, here makes no claim for any interest on the unpaid installments due and owing prior to the entry and docketing of the judgment. His claim is for interest from the time the judgment was docketed on the total amount due and owing and embraced within that judgment.

In our state the practice is to permit the collection of interest on a judgment. *Erie Railway Co.* v. *Ackerson,* 33 *N. J. L.* 33. There is no merit in respondent's claim that it had no knowledge of the award, or of the steps taken to enforce the judgment based thereon, until the levy was made by the sheriff. Respondent was obliged to take cognizance of the steps taken by petitioner to enforce the payment of his judgment. *Heldrich* v. *American Incubator Manufacturing Co.,* 104 *N. J. L.* 492. This claim is allowed.

*Second: As to petitioner's second claim.* It seems to me, that, when, as here, a judgment is entered for a sum certain, payable in specific weekly amounts, that the holder of such a judgment may, if he so chooses, issue execution each week and enforce collection thereof as if there had been separate judgments, in the first instance, for said weekly awards. Under such circumstances, petitioner would clearly be entitled to interest upon the principal amount of each judgment until paid. The usual form of execution includes interest. See *Warren Bros.* v. *Hartford, &c., Co., supra.* The fact that petitioner did not resort to the illustrated procedure, or the fact that petitioner did not procure an order that the entire amount should become due immediately because of respondent's failure to comply with the original order (*R. S.*

34:15-66.1) merely inured to respondent's benefit. Had the latter course been followed, respondent would have been obliged to pay interest on the entire sum declared due instead of merely paying interest from the time of each default. This claim is allowed.

*Third: As to petitioner's third claim.* It is conceded that these items were properly assessed under the statute. They are penalties in the nature of costs. *Igoe Bros.* v. *National Surety Co.* (*Court of Errors and Appeals*), 112 *N. J. L.* 243; *Savitt* v. *L. & F. Construction Co. and New Jersey Manufacturers Insurance Co.*, 123 *N. J. L.* 149. As such, they are part of the judgment on which petitioner is entitled to interest.

I will sign an order consistent with these views but without costs to either party.