66 N.J. Super. 526 (1961)
169 A.2d 524
MARY G. COHRS, PETITIONER-RESPONDENT,
v.
IGOE BROTHERS, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided March 28, 1961.
*527 Messrs. Budd, Larner & Kent, attorneys for petitioner-respondent.
Messrs. Shaw, Pindar, McElroy, Connell & Foley, attorneys for respondent-appellant.
CRANE, J.C.C.
This matter is before the court on motion to settle the terms of an order for the entry of judgment. This is an appeal from a workmen's compensation proceeding which was heard by this court de novo on the record; the court concluded that the award should be the same as that of the Division of Workmen's Compensation.
In making the application for settling the terms of the order, the attorneys for petitioner have requested that interest be allowed on the award and that a counsel fee also be awarded. The matter of awarding interest by the Division *528 of Workmen's Compensation is controlled by the provisions of R.S. 34:15-28, which reads as follows:
"Whenever lawful compensation shall have been withheld from an injured employee or dependents for a term of three months or more, simple interest on each weekly payment at five per cent per annum for the period of delay of each payment may, at the discretion of the bureau, be added to the amount due at the time of settlement."
That section has no bearing on the application presently before the court. It deals with a situation in which the Division of Workmen's Compensation finds that compensation has been withheld from an employee. The Division is given discretion to add interest to the amount due at the time of settlement of the award.
The present application would seem to be controlled by principles relating to the matter of interest on judgments. The award of the Division of Workmen's Compensation is denominated a judgment by the Workmen's Compensation Act and has been said to have some of the characteristics of a common law judgment. N.J.S.A. 34:15-58, 34:15-66; Temple v. Storch Trucking Co., 29 N.J. Super. 492 (Cty. Ct. 1954); Kozielec v. Mack Manufacturing Corp., 29 N.J. Super. 272, 281 (Cty. Ct. 1953).
By judicial decision appeals are heard by the County Court de novo on the record. Harrison v. Foster, 51 N.J. Super. 77 (Cty. Ct. 1958). The fact that the matter is heard de novo and that a new award is made, however, does not alter the nature of the judgment from which the appeal is taken and should not control the determination of whether interest is to be allowed on appeal. See also R.R. 5:2-5.
The practice of permitting interest on judgments is of long standing in New Jersey; the practice was apparently adopted from that of the English courts as a part of the early common law of New Jersey. Verree v. Hughes, 11 N.J.L. 91 (Sup. Ct. 1829); Erie Railway Co. v. Ackerson, 33 N.J.L. 33 (Sup. Ct. 1868). The practice has also *529 been applied to workmen's compensation judgments. Simon v. N.J. Asphalt & Paving Co., 123 N.J.L. 232 (Sup. Ct. 1939). Customarily, interest on a judgment which has been affirmed on appeal is computed from the date of entry of the judgment in the court from which the appeal is taken. No reason is apparent why the usual practice should not be followed with respect to workmen's compensation proceedings. In fact, the allowance of interest, at least from the date of the award in the Workmen's Compensation Division, would seem to be inferentially approved in Kasiski v. International Paper Co., 31 N.J. 267 (1959).
It is therefore concluded that the judgment to be entered in the County Court should include interest from the date of the judgment of the Division of Workmen's Compensation, unless some compelling reason moves the court not to do so in its discretion. Cf. Atamanik v. Real Estate Management, Inc., 21 N.J. Super. 357 (App. Div. 1952). Application for interest having been made in a timely manner, and no unusual or compelling circumstances appearing, interest will be allowed at the rate of the customary 6%. Computation will include the fees assessed against respondent, but as to the employee's award, interest will be computed on each week's award to the date of entry of judgment in this court and not, of course, on the basis of the aggregate award.
As to the matter of the counsel fee, an allowance of $750 will be made, $600 to be assessed against the respondent and $150 against the petitioner.