190 N.J. Super. 314 (1983)
463 A.2d 384
SHADOW LAWN SAVINGS AND LOAN ASSOCIATION, A SAVINGS AND LOAN ASSOCIATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANDREW J. PALMAROZZA & JOAN PALMAROZZA, H/W, DEFENDANTS, AND C.B. ASSOCIATES, A LIMITED PARTNERSHIP, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1983.
Decided June 27, 1983.
*315 Before Judges BOTTER and BRODY.
Francis X. Crahay argued the cause for appellant (Giordano, Halleran & Crahay, attorneys; Thomas A. Pliskin, on the brief).
*316 Edward C. Stokes, II, argued the cause for respondent Shadow Lawn Savings & Loan Association (Stokes & Throckmorton, attorneys; Edward C. Stokes, II, on the brief).
The opinion of the court was delivered by BOTTER, P.J.A.D.
The issues presented to us concern rights asserted by appellant, C.B. Associates ("C.B."), the holder of a mortgage subordinate[1] to the first mortgage held by Shadow Lawn Savings & Loan Association ("Shadow Lawn") on property owned by Mr. and Mrs. Palmarozza. The property consisted of a 192-unit garden apartment complex plus an 82-slip marina in Monmouth Beach, New Jersey. Shadow Lawn began this action to foreclose on its mortgage after default by the mortgagors. The property was ultimately sold at execution sale and C.B. purchased the property for $3,500,001. The appeal before us concerns C.B.'s claims for credit against the judgment foreclosed by Shadow Lawn on the grounds that (1) Shadow Lawn improperly included compound interest on the mortgage debt, and (2) Shadow Lawn, as mortgagee in possession, did not use due care and reasonable diligence in obtaining tenants for vacant apartments in the complex and should be surcharged for mismanagement.
We agree with appellant's contentions regarding the charge of compound interest on the indebtedness. Shadow Lawn sought to justify charging compound interest on the ground that it is authorized by statute, N.J.S.A. 17:12B-48(14). C.B. does not dispute the authority of a savings and loan association to charge compound interest. It contends, however, that if compound interest is to be charged, it must be done by express agreement of the parties. The note secured by the mortgage in question did not provide for compound interest. It called for interest at 9 1/2% per annum. The note provided: "Interest may be computed, *317 at the option of the holder hereof, on a daily basis one day being deemed to be 1/365th part of a year." The note also contained a provision to the effect that every "right, power and remedy herein conferred ... is cumulative of every other right or remedy of the holder hereof, whether herein or by law conferred, and may be enforced concurrently therewith." However, in Silverstein v. Shadow Lawn Sav. & Loan Ass'n, 51 N.J. 30, 34 n. 2 (1968), the Supreme Court said with respect to a similar clause that it "does no more than set forth the inherent legal proposition that rights and remedies of the obligee specifically or impliedly granted by law, but not spelled out in the instrument are to be considered as included therein."
The Savings and Loan Act (N.J.S.A. 17:12B-1 et seq.) merely gives an association the authority to compound interest. The parties could have contracted for compound interest expressly or by clear and unambiguous incorporation of the statutory provision. See Newton v. Smith Motors, Inc., 122 Vt. 409, 175 A.2d 514 (Sup.Ct. 1961). We do not hold that all remedies afforded by law in case of default need be set forth in the mortgage or the note or bond secured by the mortgage. However, if a different effective rate of interest is to apply after default, in our view this is a term and condition that should be negotiated by the parties and expressly set forth as part of their agreement.[2] Because it had not done so, Shadow Lawn is precluded from charging compound interest. See Abramowitz v. Washington Cemetery Ass'n, 139 N.J. Eq. 293 (Ch. 1947), where the court rejected the assessment of compound interest after a mortgagor's default, saying:
compound interest is not otherwise recoverable unless there has been a settlement between the parties of a conclusive character, or a judgment whereby the aggregate amount of principal and interest is converted to a new principal debt, or where the exaction of compound interest is in some valid form confirmed by a special agreement. [139 N.J. Eq. at 296-297.]
*318 Accordingly, we conclude that interest after the default should have been computed as follows:
The total unpaid principal and accrued interest should be determined as of the date the mortgage was declared in default and the full debt accelerated. From that date until the date of entry of judgment, interest will run at the contract rate of 9 1/2% per annum on the full unpaid principal and interest due as of the date the mortgage was declared in default. After entry of judgment interest will run at the legal rate "except as otherwise ordered by the court and except as may be otherwise provided by law." R. 4:42-11(a); see Hudson City Sav. Bank v. Hampton Gardens, Ltd., 88 N.J. 16, 22 (1981); 30 N.J. Practice (Cunningham & Tischler, Mortgages) (1975), § 332 at 252-253; but cf. id., § 319 at 248-249 (speaking of interest at the contract rate until payment).
When the legal rate is less than the contract rate it may be equitable to allow interest to run on the judgment at the contract rate to avoid prejudice to a mortgagee caused by delays in satisfying the judgment. Mid-Jersey Nat'l Bank v. Fidelity-Mortgage Investors, 518 F.2d 640, 645-646 (3 Cir.1975), interpreting R. 4:42-11(a). In this case the trial court ordered the entry of final judgment on March 26, 1980 in an "approximate sum" subject to the exact amount being determined in further proceedings. Thereafter, on July 30, 1981, the court ordered an amendment to the final judgment, fixing the amount due. Because of the equities in the case, we will treat July 30, 1981 as the date on which final judgment was entered, since the contract interest rate exceeded the legal interest rate of 8% which was in effect from April 1, 1975 to September 13, 1981. R. 4:42-11(a). Default in this case occurred on or about February 1, 1979, and plaintiff filed this foreclosure action on March 23, 1979. The legal interest rate of 12% will be added to the judgment from September 14, 1981. Ibid. The legal rate of 8% will apply for the short period from July 30 to September 13, 1981.
*319 At the plenary hearing below, evidence was submitted with regard to Shadow Lawn's management of the property as a mortgagee in possession. When Shadow Lawn took possession in March or April 1979, the property was in a state of considerable disrepair. Shadow Lawn undertook to repair the premises so that certificates of occupancy for vacant units could be obtained. Appellant contends that Shadow Lawn did not expend sufficient funds out of rent receipts to increase the occupancy of the premises. In passing on the issues presented, the trial judge noted that the protracted litigation extended Shadow Lawn's possession and management of the property longer than could have been anticipated. The trial judge concluded that Shadow Lawn acted diligently in managing the property. His findings and conclusions are supported by ample credible evidence and must be accepted by us. Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974).
Lastly, we note Shadow Lawn's contention[3] that C.B., as third mortgagee, has no standing to question the administration of the mortgage account as between the mortgagor and Shadow Lawn as first mortgagee. We reject this contention. A mortgagee in possession may be called to account in a foreclosure action by a junior mortgagee. South Amboy Trust Co. v. McMichael Holdings, Inc., 141 N.J. Eq. 12, 14 (Ch. 1947); cf. Mallalieu v. Wickham, 42 N.J. Eq. 297 (Ch. 1886). See also 30 N.J.Practice (Cunningham & Tischler, Mortgages), supra, § 195 at 39-40.
Accordingly, the case is remanded to the trial court for the entry of an amended judgment fixing the amount owed by C.B. as the purchaser at the execution sale by modifying the amount of Shadow Lawn's judgment in foreclosure to allow for interest computed as set forth in this opinion. Except as so modified, the judgment below is affirmed. We do not retain jurisdiction.
NOTES
[1] C.B. held a third mortgage on the property. We are told that it also had acquired the interest of the second mortgagee.
[2] See Feller v. Architects Display Bldgs., Inc., 54 N.J. Super. 205, 213 (App. Div. 1959), holding that an "unconscionably high" rate of interest after default "will be unenforceable because it amounts to a penalty."
[3] Shadow Lawn did not cross-appeal, presumably because it prevailed in the court below.