286 N.J. Super. 413 (1995)
669 A.2d 819
R. JENNINGS MANUFACTURING COMPANY, INC., PLAINTIFF-RESPONDENT-CROSS-APPELLANT,
v.
NORTHERN ELECTRIC SUPPLY CO., INC., DEFENDANT-APPELLANT-CROSS-RESPONDENT, AND MARCAL PAPER MILLS, INC., CENTURY ELECTRIC, INC., ENERGY INITIATIVE, INC., AND EBASCO, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1994.
Decided August 10, 1995.
*414 Before Judges BRODY, LONG and PAUL G. LEVY.
James J. Cronin argued the cause for appellant-cross-respondent (Clancy, Callahan and Smith, attorneys).
Donald E. Sheil argued the cause for respondent-cross-appellant (Linda A. Osman and Matthew Murphy, on the brief).
The opinion of the court was delivered by LONG, P.J.A.D.
The underlying facts in this case are set forth in detail in our prior opinion of January 6, 1993. Only the facts relevant to the narrow issue of the interest rate to be applied to the judgment will be related here.
On March 19, 1991, after a trial in this contract action, the trial judge entered judgment in favor of plaintiff R. Jennings Manufacturing Company, Inc., (Jennings) against defendant Northern Electric Supply Co., Inc. (Northern) in the amount of $57,049.00 *415 with pre-judgment interest calculated from February 1, 1989, in accordance with the New Jersey Court Rules.
Jennings appealed and Northern cross appealed on the merits. We remanded the case to the trial judge because he had failed to set forth the findings of fact and conclusions of law on which the judgment was based. We also directed the judge to advise us why he chose February 1, 1989, as the point from which pre-judgment interest should be calculated.
On May 20, 1993, the trial judge rendered a full opinion setting forth the reasons for the entry of the 1991 judgment. He also explained how he determined the February 1, 1989 commencement date for pre-judgment interest. In so doing, he altered his original opinion only to the extent that he ordered pre-judgment interest to be recalculated based, not upon the Court Rules, but upon the contract between the parties which stated:
Our quotations are firm for acceptance for 30 days, and the prices are firm for shipment by August 16, 1988. If shipments are scheduled after that date, add 1% per month or subsequently delayed by the customer, payment will be due 30 days after the material is ready for shipment. In the event of partial shipments, material will be invoiced on a pro rata basis. Amounts paid over 30 days past invoice date will be charged 2% per month or fraction thereof.
On August 9, 1993, we affirmed. Thereafter, on August 10, 1993, the trial judge entered an amended judgment which stated:
Ordered, that judgment be entered in favor of the plaintiff, R. Jennings Manufacturing Company, Inc. and against the defendant, Northern Electric Supply Company, Inc. in the sum of $57,049.00 together with pre-judgment interest at the rate of 2% per month from February 1, 1989 through August 9, 1993 in the amount of $60,518.00 making a total of $120,180.25.
Northern appeals, contending that the contract rate of interest was only applicable until the date the initial judgment of March 19, 1991, was entered and that any interest after that date is post-judgment interest which should have been calculated at a rate no greater than that provided in R. 4:42-11(a). Jennings cross appeals on the ground that the parties contracted for the rate of interest to be applied to an unpaid obligation and that that rate (2% per month) should apply through September 23, 1993, the *416 date upon which the principal amount of the debt ($57,049) was finally paid.
It is well-settled that a judgment-creditor is entitled to interest on an unsatisfied judgment. Simon v. New Jersey Asphalt & Paving Co., 123 N.J.L. 232, 234, 8 A.2d 256 (Sup.Ct. 1939) (citing Erie Railway Co. v. Ackerson, 33 N.J.L. 33, 36 (Sup.Ct. 1868)); Cohrs v. Igoe Bros., Inc., 66 N.J. Super. 526, 528, 169 A.2d 524 (Law Div. 1961) ("The practice of permitting interest on judgments is of long-standing in New Jersey; the practice was apparently adopted from that of the English courts as a part of the early common law of New Jersey."), aff'd in part, rev'd in part, 71 N.J. Super. 435, 177 A.2d 284 (App.Div. 1962). Our case law distinguishes between pre-judgment interest as a discretionary allowance, and post-judgment interest to which a litigant is entitled as of right. Board of Educ. v. Levitt, 197 N.J. Super. 239, 244-45, 484 A.2d 723 (App.Div. 1984). Both the appeal and the cross appeal raise the same question: what post-judgment interest rate is to be applied where a rate of interest greater than that set forth in the Court Rules is provided for in the contract between the parties. Rule 4:42-11(a), entitled "Post Judgment Interest," specifically provides:
"Except as otherwise ordered by the court or provided by law, judgments, awards and orders for the payment of money, taxed costs and counsel fees shall bear simple interest as follows:
....
(ii) Commencing January 2, 1986 and for each calendar year thereafter, the annual rate of interest shall equal the average rate of return, to the nearest whole or one-half percent, for the corresponding preceding fiscal year terminating on June 30, of the State of New Jersey Cash Management Fund (State accounts) as reported by the Division of Investment in the Department of the Treasury."
Northern argues that once a judgment is obtained, only the amount of interest specified in R. 4:42-11 applies. Jennings argues that when contracting parties agree that specific interest is to be paid on detention of a debt, it becomes part of the bargain and is recoverable, with principal, as of right up to the time of payment, even if a judgment is rendered. In support of this proposition, Jennings cites Estate of Kolker, 212 N.J. Super. 427, *417 515 A.2d 286 (Law Div. 1986) and Shadow Lawn Sav. & Loan Ass'n v. Palmarozza, 190 N.J. Super. 314, 463 A.2d 384 (App.Div. 1983). However, neither of these decisions is helpful to Jennings' position.
The court in Kolker was confronted with the question of which interest rate was applicable to each of the three classes of creditors. The claims, as identified by the trial judge were "(A) those by creditors with judgments; (B) those by creditors whose claims include interest created by contract; (C) all other claims." Id. 212 N.J. Super. at 438, 515 A.2d 286. According to the judge, a judgment creditor would only be entitled to interest in accordance with R. 4:42-11(a), whereas a contract creditor would be entitled to interest in accordance with the terms of the underlying contract. Id. at 438-39, 515 A.2d 286. The problem with Jennings' reading of Kolker is that it fails to distinguish between a contract creditor with a judgment and one without a judgment. The former is not a contract creditor at all but a judgment creditor subject to the rule. The reason for this is that a judgment extinguishes the original cause of action and makes available a new cause of action on the judgment, which constitutes a higher form of security. Caterpillar Tractor Co. v. International Harvester Co., 120 F.2d 82, 87 n. 4 (3d Cir.1941); Titus v. Miller, 132 N.J. Eq. 541, 543, 29 A.2d 550 (Ch. 1942). This is the basis for the disparate interest rates applied by the cases to contract claims prior to, and after, judgment. In Shadow Lawn, supra, 190 N.J. Super. at 318, 463 A.2d 384, for example, the court held that in a mortgage default case, interest should be calculated as follows:
The total unpaid principal and accrued interest should be determined as of the date the mortgage was declared in default and the full debt accelerated. From that date until the date of entry of judgment, interest will run at the contract rate of 9 1/2% per annum on the full unpaid principal and interest due as of the date of the mortgage was declared in default. After entry of judgment interest will run at the legal rate "except as otherwise ordered by the court and except as may be otherwise provided by law." R. 4:42-11(a); see Hudson City Sav. Bank v. Hampton Gardens, Ltd., 88 N.J. 16, 22, 438 A.2d 323 (1981).
*418 Likewise in Mid-Jersey Nat'l Bank v. Fidelity-Mortgage Investors, 518 F.2d 640 (3d Cir.1975), in an action by a bank to recover amounts due under a note, the court applied the contract rate of interest up to the time of judgment and the rate specified in the Court Rules thereafter. We think this is a rational approach to the issue and adopt it here.
To be sure, both Shadow Lawn and Mid-Jersey reaffirm the right of the trial judge, under R. 4:42-11(a), to set a post-judgment interest figure at a different rate from that provided in the rule if he finds particular equitable reasons for doing so. No finding on this issue was made here. Therefore it is impossible to tell from this record whether the trial judge applied the contract rate of interest post-judgment because he thought that he was legally obliged to do so or because he concluded that such a rate was just. Accordingly, we reverse and remand the matter to the trial judge with the following instruction. He should determine whether it would be equitable to allow interest to run on the judgment at the contract rate to avoid prejudice to the judgment creditor caused by delays in satisfying the judgment. This will require scrutinizing the conduct of both parties subsequent to the initial entry of judgment on March 19, 1991. More particularly, the judge should assess what actions Jennings took or could have taken to obtain satisfaction of the judgment sooner and what, if anything, Northern did to forestall such satisfaction. The outcome of this inquiry will set the stage for his decision as to the applicable interest rate.
Reversed and remanded.