902 A.2d 292

CHRISTINA MARKO AND GEORGE MARKO, PLAINTIFFS–RE-
SPONDENTS/CROSS–APPELLANTS, v. ZURICH NORTH
AMERICA INSURANCE COMPANY, DEFENDANT–APPEL-
LANT.

Superior Court of New Jersey
Appellate Division

Argued May 31, 2006—Decided July 18, 2006.

528

Before Judges COBURN, COLLESTER and LISA.

*Alan G. Fidel* argued the cause for appellant (*Weston, Stierli & McFadden,* attorneys; *Mr. Fidel,* on the brief).

*Robert C. Fernicola* argued the cause for appellants (*Escandon, Fernicola & Kean,* attorneys; *Mr. Fernicola,* on the brief).

The opinion of the court was delivered by

COLLESTER, J.A.D.

On July 27, 2000, plaintiffs Christina Marko and George Marko filed a personal injury suit in the Law Division, Middlesex County, against People Pleasers, Inc., which was insured by defendant, Zurich North America Insurance Company (Zurich). A jury verdict was returned against People Pleasers, Inc. assessing fifty-one percent negligence with forty-nine percent against plaintiff Mrs. Marko. The jury verdict on damages was in the gross amount of $506,575.36, which the trial judge reduced by forty-nine percent, the comparative negligence assessed to Mrs. Marko, for a net award of $258,353.43. The trial judge calculated pre-judgment interest in the amount of $14,896.65 pursuant to *R.* 4:42–11(b) and

entered judgment in favor of plaintiffs and against People Pleasers for the total amount of $273,250.08.

On March 25, 2004, plaintiffs filed a notice of appeal from the calculated amount of pre-judgment interest, asserting that the July 1, 2003, amendment to *R.* 4:42–11(b), prohibiting pre-judgment interest for future economic losses, should not be applied retroactively to a lawsuit commenced prior to that date or, alternatively, the rule should be relaxed in the interest of justice. While the appeal was pending, plaintiffs filed an order to show cause on June 6, 2004, in the Mercer County Law Division to convert the judgment obtained against People Pleasers to a judgment against Zurich and to award post-judgment interest, counsel fees, costs and litigation expenses. Defendant answered and obtained an order transferring venue to Middlesex County. On January 14, 2005, we filed our opinion on plaintiffs' appeal of the amount of pre-judgment interest awarded, concluding that "plaintiffs' contentions are without sufficient merit to warrant discussion in a written opinion. *R.* 2:11–3(e)(1)(E)." Less than two weeks later, on January 25, 2005, plaintiffs' counsel sent a letter to Zurich's attorney demanding post-judgment interest in the amount of $10,244.61. Defense counsel responded by saying that Zurich was willing and able to pay the original judgment amount.

Although the matter had been remanded back to Middlesex County because of the unavailability of the trial judge who heard the personal injury case, plaintiff's action seeking judgment against Zurich and post-judgment interest was heard by another judge who gave the following decision:

> Reviewing everything that I have in reference to this issue, I am going to grant a judgment in the amount of $11,794.28. However, I will not allow for attorneys' fees or court costs. There's a certain measure of—of this action that seems to be more than advocacy on the part of the plaintiffs in reference to this. I am going to award it, but I would not reward them with attorneys' fees or costs in reference to this matter.

On June 17, 2005, the hearing judge entered the following order:

> [J]udgment is hereby entered in favor of the plaintiff Christina Marko against the defendant Zurich Insurance Company of North American as follows: $258,353.43 representing the net award of the jury verdict, $14,896.65 pursuant to *R.* 4:42–11(b)

representing pre-judgment interest, and $11,794.28 representing post-judgment interest pursuant to *R.* 4:42–11(a)(ii) for a total judgment of $285,044.36.

Defendant Zurich appeals from this order on grounds that there was no basis to convert a judgment against People Pleasers to one against Zurich, that the issue of post-judgment interest should have been decided by the judge who presided over the negligence trial, and that the award of post-judgment interest was an abuse of discretion. Plaintiffs cross-appeal from the denial of counsel fees, asserting entitlement under *R.* 4:42–9 and *R.* 4:58–2.

■ We first address the judgment entered against Zurich. Plaintiff claims standing as a third-party beneficiary to the insurance contract which would entitle her to effect a judgment against Zurich. While plaintiff argues that People Pleasers is unable to satisfy the judgment, that fact is irrelevant to the issue. No suggestion is made that Zurich was financially unstable, that it was disclaiming coverage, or was refusing to pay. On the contrary, the record indicates that from the outset Zurich proffered the amount of the judgment, declining to pay pre-judgment interest, a position upheld by us in the prior appeal. There is nothing to indicate that Zurich breached its obligations to People Pleasers or that plaintiff was a third-party beneficiary to the insurance contract. Therefore, the judgment entered against Zurich was erroneous.

■ Zurich also contends that the trial court abused its discretion in awarding plaintiffs $11,794.28 in post-judgment interest. It argues that the delay in payment of the judgment was due to plaintiffs' "meritless appeal" and the subsequent complaint seeking judgment against the insurance company, which plaintiffs filed in a different county.

As a matter of historical practice, post-judgment interest is routinely awarded. *See, e.g., Erie Railway Co. v. Ackerson,* 33 *N.J.L.* 33, 36 (Sup.Ct.1868); *Simon v. N.J. Asphalt & Paving Co.,* 123 *N.J.L.* 232, 234, 8 *A.*2d 256 (Sup.Ct.1939); *Cohrs v. Igoe Bros., Inc.,* 66 *N.J.Super.* 526, 528, 169 *A.*2d 524 (Law Div.1961), *aff'd in part, rev'd in part,* 71 *N.J.Super.* 435, 177 *A.*2d 284 (App.Div.

1962). More recently in *Board of Educ. of the City of Newark v. Levitt*, 197 *N.J.Super.* 239, 484 *A.*2d 723 (App.Div.1984), we held that the Commissioner of Education was vested with statutory jurisdiction to award post-judgment interest against a public body. In so holding, we stated:

[I]n the case of private litigants, *the grant of post-judgment interest is ordinarily not an equitable matter within the court's discretion but is, as a matter of long-standing practice, routinely allowed* [citations omitted]. This practice has been codified by court rule. *See R.* 4:42–11(a), providing for post-judgment interest on all judgments, awards and orders for the payment of money "except as otherwise ordered by the court and except as otherwise may be provided by law." The rule, by its own terms, applies to all money judgments irrespective of the identify and status of the judgment debtor. Nor is there any general statute prohibiting post-judgment interest against public bodies. They are, as a matter of customary practice, subject to post-judgment interest unless the court for good cause otherwise orders.

[*Id.* at 244–45, 484 *A.*2d 723 (emphasis supplied).]

Two opinions of this court, both authored by Judge (now Justice) Long dealt with the issue in passing. In *R. Jennings Mfg. v. Northern Electric*, 286 *N.J.Super.* 413, 418, 669 *A.*2d 819 (App.Div.1995), it was held in a contract action that the seller was entitled to post-judgment interest at an interest rate higher than that provided by *R.* 4:42–11 only if the trial judge finds "particular equitable reasons for doing so." By way of dicta, the opinion stated:

Our case law distinguishes between pre-judgment interest as a discretionary allowance, and post-judgment interest to which a litigant is entitled as of right.

[*Id.* at 416, 669 *A.*2d 819.]

In *Lehmann v. O'Brien*, 240 *N.J.Super.* 242, 573 *A.*2d 171 (App.Div.1989), the New Jersey Property–Liability Insurance Guaranty Association assumed the contractual obligations of an insolvent insurer to pay claims up to a maximum statutory liability. We held that the Association was responsible for post-judgment interest, including the interest which accrued after the judgment but before the date of the Association's assumption of the obligation. We upheld the trial judge's determination that "no equitable or exceptional reason" barred the payment of post-judgment interest. We set forth the following standard:

Under the rules of court, the usual practice is to allow post-judgment interest "[e]xcept as otherwise ordered by the court or provided by law . . ." *R.* 4:42–11(a). Thus, unless there is a legal impediment to the payment of such interest, its grant or denial is discretionary with the trial judge.

[*Id.* at 249, 573 *A.*2d 171.]

Both the court rule and our case law clearly indicate that a judgment creditor is entitled to post-judgment interest at the rate specified in *R.* 4:42–11(a) absent an extraordinary and equitable reason. Notably, Zurich is unable to cite any case in which post-judgment interest was denied or reduced.

We hold that the present case does not warrant a departure from the customary award of post-judgment interest. While we affirmed the earlier appeal under *R.* 2:11–3(e)(1)(E), finding that plaintiffs' arguments were without sufficient merit to warrant extensive discussion in a written opinion, we made no finding that the appeal was frivolous. Similarly, although the plaintiffs' subsequent order to show cause may well have been ill advised, we find no basis to punish the client for what appears to be sniping between lawyers. Finally, we also consider that Zurich has had use of the money throughout the period of time since the jury award. *Lehmann, supra,* 240 *N.J.Super.* at 249, 573 *A.*2d 171. Taken together, the circumstances are such that elimination or modification of post-judgment interest is unwarranted.

Finally, we have considered plaintiffs' cross-appeal of denial of her counsel fees. Under the circumstances we find no abuse of discretion based on the record before us.

Therefore, we reverse the entry of judgment against Zurich and affirm the award of post-judgment interest and the denial of counsel fees.

Affirmed in part. Reversed in part.