NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1195-22

C.E. and B.E., Individually and
on behalf of, K.E.,

      Plaintiffs-Appellants,

v.

ELIZABETH PUBLIC SCHOOL
DISTRICT and HAROLD E.
KENNEDY, JR. in his Official
Capacity as School Business
Administrator/Board Secretary of
Elizabeth Public School District,

      Defendants-Respondents.

_____

Argued November 13, 2024 – Decided March 4, 2025

Before Judges Gooden Brown, Smith and Vanek.

On appeal from the Superior Court of New Jersey,
Law Division, Union County, Docket No. L-2231-15.

Jamie Epstein argued the cause for appellants (Cohn
Lifland Pearlman Herrmann & Knopf, LLP, and Jamie
Epstein, attorneys; Walter M. Luers and Jamie
Epstein, on the briefs).

Christina M. DiPalo argued the cause for respondents
(La Corte, Bundy, Varady & Kinsella, attorneys;
Robert F. Varady, of counsel and on the brief;
Christina M. DiPalo, on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

Plaintiffs C.E. and B.E., parents of minor K.E., appeal from three trial court orders: an August 29, 2022 order granting post-judgment interest on attorney's fees awarded pursuant to the Open Public Records Act (OPRA)[1]; a November 10, 2022 order denying plaintiffs' order to show cause and request for sanctions; and a December 16, 2022 order quashing the deposition of defendant Harold E. Kennedy, Jr. and issuing a warrant of satisfaction of a monetary judgment. For the reasons which follow, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

I.

We recount the salient facts from our opinion in C.E. v. Elizabeth Public School District (C.E. I), 472 N.J. Super. 253 (App. Div. 2022).[2]

> This litigation began in April 2015 when plaintiffs filed a complaint and order to show cause to enforce their OPRA request, seeking the following information:
>
> 1. From [January 1, 2013] to present, all settlements entered into by the [school

[1] N.J.S.A. 47:1A-1 to -13.

[2] See also C.E. & B.[E.] v. Elizabeth Pub. Sch. Dist. (C.E. II), No. A-3016-20 (App. Div. July 18, 2023).

b]oard in [the New Jersey Office of Administrative Law (OAL)] EDS docketed cases.

2. Any final decisions incorporating or pertaining to item #1.

3. [May 1, 2014], any purchase orders, vouchers, bills, invoices and canceled checks for payment(s) made for legal services rendered to the [b]oard in regards to [an] . . . OPRA [r]equest of [May 17, 2014,] and the subsequent civil action . . . .

4. Any [b]oard [r]esolution(s) which refer[(s)] to item[] #1.

. . . .

On December 18, 2015, the trial judge entered an order requiring defendants produce: "(1) all settlement agreements entered into by the [b]oard in . . . OAL EDS docketed cases from January 1, 2013 to April 2, 2015; and (2) any final decisions incorporating or pertaining to those settlement agreements." He ordered defendants to redact the names and addresses of parents in the relevant records, and dismissed, with prejudice, plaintiffs' request for unredacted invoices and vouchers. The judge found plaintiffs were entitled to attorney's fees as a partially prevailing party for services rendered after August 7, 2015, and permitted defendants to file opposition to the fee request. He denied, without prejudice, defendants' request for a special service charge and stayed the order pending defendants' appeal.

Defendants appealed and we subsequently dismissed it in March 2016. [L.R. v. Camden City Public School District (L.R. I), 452 N.J. Super. 56

(App. Div. 2017)] was decided in October 2017 and in April 2018, the Supreme Court granted certification, which further stayed this case. In July 2019, an evenly divided Supreme Court decided L.R. v. Camden City Public School District (L.R. II), 238 N.J. 547 (2019) and remanded the matter to the trial court.

This case was consolidated with others and heard in the Camden Vicinage action, along with the L.R. II remand. In December 2019, the Camden Vicinage judge granted plaintiffs' request to sever this matter and return it to the Union Vicinage because plaintiffs were not asserting common law claims and only pursuing their OPRA claim. After a round of motion practice, the trial judge concluded additional hearings were necessary to determine the special service charge, attorney's fees, and other remaining issues.

. . . .

A final hearing was held on August 28, 2020, to address plaintiffs' attorney's fee request. After analyzing the RPC 1.5 factors, the judge granted plaintiffs $78,646 in attorney's fees. He entered an order the same day denying defendants' OPRA service charge and ordering defendants to provide plaintiffs with "copies of all decisions with settlements, with non-exempt portions redacted, entered into by the [b]oard in the [OAL] EDS cases dated between [January 1, 2013 and April 2, 2015.]" The judge stayed the order on September 25, 2020, pending this appeal.

[C.E. I, 472 N.J. Super. at 258-61 (alterations in original) (footnotes omitted).]

We affirmed the trial court's August 28, 2020 order of judgment on May 18, 2022. Id. at 262-68.

After the parties disagreed on the process for satisfying the attorney's fee award, plaintiffs sought a judgment for the award in the Civil Judgment and Order Docket,[3] which the Superior Court Clerk's Office entered on July 20, 2022. On August 29, 2022, the trial court ordered defendants to submit a certification detailing the extent of their compliance with the August 28, 2020 order, and it also ordered plaintiffs to submit a proposed order for post-judgment interest running from July 20, 2022 to August 29, 2022. In its accompanying statement of reasons, the trial court found that "[p]laintiff [wa]s only entitled to an award of post-judgment interest from the date of judgment docketing, July 20, 2022" to the date of the order.

---

[3]  We explained the purpose of filing a judgment in the Civil Judgment and Order Docket in Brescher v. Gern, Dunetz, Davison & Weinstein, P.C:

> The Clerk of the Superior Court is required by statute, N.J.S.A. 2A:16-11, to maintain a book known as "a civil judgment and order docket" which constitutes the record of the judgments in civil cases and provides the basis for establishment of judgment liens . . . The docketing of a judgment for lien purposes is effectuated when a notation is made in the civil docket kept by the Clerk of the Superior Court in Trenton. Once the judgment is "docketed" by the Clerk, it serves as constructive notice to subsequent purchasers, encumbrancers, and others that the judgment constitutes a lien on the title of affected property.
>
> [245 N.J. Super. 365, 371 (App. Div. 1991).]

On September 6, 2022, defendants produced twenty-four of the thirty-three requested records, claiming that the nine records not produced were unaccounted for. On September 13, defendants paid $78,984.80 to plaintiffs. Plaintiffs filed an order to show cause seeking compliance with the August 28, 2020 order and again requested sanctions, which the trial court denied on November 10, 2022.

Next, plaintiffs noticed co-defendant Harold E. Kennedy, Jr. for deposition and moved to hold defendants in contempt of court pursuant to Rule 1:10-3 for failing to produce the nine remaining records. Defendants opposed and cross-moved for a protective order quashing Kennedy's deposition and for a warrant of satisfaction for the payment of the August 28, 2020 judgment. On December 16, 2022, the trial court granted defendants' cross-motion, finding defendants demonstrated "the requisite diligent efforts to comply . . . ." The trial court also issued a protective order barring Kennedy's deposition and entering a warrant of satisfaction pursuant to Rule 4:48-2.

Plaintiffs appeal, arguing that the trial court erred when it: set July 20, 2022 as the post-judgment interest accrual date rather than August 28, 2020; granted defendants a warrant of satisfaction; denied plaintiffs' discovery requests related to the nine missing records; barred the deposition of Kennedy;

A-1195-22

declined to issue civil penalties against defendants; and precluded plaintiffs' claims for additional attorney's fees.

## II.

A trial court's order regarding attorney's fees is reviewed for an abuse of discretion. Noren v. Heartland Payment Sys., Inc., 448 N.J. Super. 486, 497 (App. Div. 2017). This is because a "trial court [is] in the best position to weigh the equities and arguments of the parties . . . ." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 447 (2001). We reverse only if the award is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002).

When the question on appeal concerns an award of post-judgment interest, our review necessarily involves a mixed question of law and fact. This is because it is well established that "a judgment creditor is entitled to post-judgment interest at the rate specified in [Rule] 4:42-11(a) absent an extraordinary and equitable reason." Marko v. Zurich N. Am. Ins. Co., 386 N.J. Super. 527, 532 (App. Div. 2006). "[T]he grant of post-judgment interest is ordinarily not an equitable matter within the court's discretion but is . . . a matter of long-standing practice," which has been codified by Rule 4:42-11(a).

Bd. of Educ. of Newark v. Levitt, 197 N.J. Super. 239, 244-45 (App. Div. 1984) (citations omitted).

When issues on appeal present mixed questions of law and fact, we defer to the supported factual findings of the trial court, but we review de novo the trial court's application of legal rules to the factual findings. State v. Pierre, 223 N.J. 560, 576 (2015). We review a trial court's interpretation of OPRA, court rules, and our case law de novo. See Am. Civ. Liberties Union of N.J. v. Cnty. Prosecutors Ass'n of N.J., 257 N.J. 87, 101 (2024) ("We review de novo a court's interpretation of OPRA, which constitutes a legal determination."); In re A.D., 259 N.J. 337, 351 (2024) ("We . . . review de novo a trial court's interpretation of a court rule, 'applying "ordinary principles of statutory construction" to interpret' the rule."); 388 Route 22 Readington Realty Holdings, LLC v. Twp. of Readington, 221 N.J. 318, 338 (2015) ("In construing the meaning of a statute, an ordinance, or our case law, our review is de novo."). "Findings of fact, however, are reviewed deferentially." O'Boyle v. Borough of Longport, 426 N.J. Super. 1, 8 (App. Div. 2012) (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)).

III.

Plaintiffs argue that the August 29, 2022 trial court order establishing July 20, 2022 as the date when their attorney's fee award began to accrue post-

judgment interest was error. Plaintiffs contend that Rule 4:42-11(a) entitles them to post-judgment interest starting on August 28, 2020, the date when the trial court initially issued the order of judgment awarding attorney's fees. This argument presents mixed questions of law and fact. Pierre, 223 N.J. at 576. We consider the relevant law.

Rule 4:42-11(a) provides for the accrual of post-judgment interest. The rule states that "judgments, awards and orders for the payment of money, taxed costs and attorney's fees shall bear simple interest . . . ." R. 4:42-11(a).

In Marko v. Zurich North American Insurance Co.,[4] we reviewed our jurisprudence concerning post-judgment interest awards. We stated:

> As a matter of historical practice, post-judgment interest is routinely awarded. See, e.g., Erie Railway Co. v. Ackerson, 33 N.J.L. 33, 36 (Sup. Ct. 1868); Simon v. N.J. Asphalt & Paving Co., 123 N.J.L. 232, 234 (Sup. Ct. 1939); Cohrs v. Igoe Bros., Inc., 66 N.J. Super. 526, 528 (Law Div. 1961), aff'd in part, rev'd in part, 71 N.J. Super. 435 (App. Div. 1962).
>
> [Marko, 386 N.J. Super. at 530.]

We noted, however, that "in the case of private litigants, the grant of post-judgment interest is ordinarily not an equitable matter within the court's discretion but is, as a matter of longstanding practice, routinely allowed." Id. at 531 (emphasis omitted) (citing Levitt, 197 N.J. Super. at 244-45).

---

[4] 386 N.J. Super. at 530-32.

We then examined two cases in which Justice (then Judge) Long considered the modification of post-judgment interest awards. In one instance Judge Long considered whether to deviate from the interest rate established by court rule. In the second instance, Judge Long considered whether equitable considerations warranted an award of post-judgment interest at all. We stated:

> In R. Jennings M[anufacturing] v. Northern Electric [Supply Co., Inc.], 286 N.J. Super. 413, 418 (App. Div. 1995), it was held in a contract action that the seller was entitled to post-judgment interest at an interest rate higher than that provided by R[ule] 4:42-11 only if the trial judge finds "particular equitable reasons for doing so." By way of dicta, the opinion stated:
>
> > Our case law distinguishes between pre-judgment interest as a discretionary allowance, and post-judgment interest to which a litigant is entitled as of right.
> >
> > [Id. at 416.]
>
> In Lehmann v. O'Brien, 240 N.J. Super. 242 (App. Div. 1989), the New Jersey Property-Liability Insurance Guaranty Association assumed the contractual obligations of an insolvent insurer to pay claims up to a maximum statutory liability. We held that the Association was responsible for post-judgment interest, including the interest which accrued after the judgment but before the date of the Association's assumption of the obligation. We upheld the trial judge's determination that "no equitable or exceptional reason" barred the payment of post-judgment interest. We set forth the following standard:

10

Under the rules of court, the usual practice is to allow post-judgment interest "[e]xcept as otherwise ordered by the court or provided by law . . . [.]" R. 4:42-11(a). Thus, unless there is a legal impediment to the payment of such interest, its grant or denial is discretionary with the trial judge.

[Id. at 249.]

[Marko, 386 N.J. Super. at 531-32.]

Marko neatly summarized how we analyze post-judgment interest issues by stating, "[b]oth the court rule and our case law clearly indicate that a judgment creditor is entitled to post-judgment interest at the rate specified in R[ule] 4:42-11(a) absent an extraordinary and equitable reason." Id. at 532.

We have also applied equitable considerations to determine the start date of post-judgment interest. In Baker v. National State Bank, we held that "[a]lthough [Rule 4:42-11(a)] indicates that interest normally shall run from the date of judgment, it also provides a trial court with the discretion to vary the award, in the interests of equity." 353 N.J. Super. 145, 173 (App. Div. 2002) (citing Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 264 (App. Div. 1997)). We then concluded that the Baker trial court "did not abuse its discretion in ordering interest to accrue from the date of the jury verdict" rather than the order of judgment, in part because of a consent order that

"made the compensatory damages verdict enforceable and apparently awarded interest from the date of the verdict . . . ." Id. at 174.

We turn to the trial court's analysis here. Citing Baker and Rule 4:101-2,[5] the court determined that "[p]laintiff is only entitled to an award of post-judgment interest from the date of judgment docketing . . . to the present." In other words, the trial court determined post-judgment interest began accruing on the date the Superior Court's Clerk Office entered judgment for attorney's fees in the Civil Judgment and Order Docket.

The record shows the parties do not dispute that post-judgment interest should be awarded. The question is how much. Assuming the interest rate is fixed for purposes of this analysis, the question is decided by the start date for post-judgment accrual.

The comments to Rule 4:42-11(a) state that "[p]ost-judgment interest runs when the judgment is entered, not when all appeals have been disposed of." Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2.2. on R. 4:42-11(a) (emphasis added) (citing Baker, 353 N.J. Super. at 173-74). While neither the rule, its comments, nor our case law clarify when a "judgment is entered" for purpose of Rule 4:42-11(a), Rule 4:47 and its comments are

---

[5] Rules 4:101-1 to -5 relate to the entry of judgments on the Civil Judgment and Order Docket.

instructive. Rule 4:47 states that "[t]he notation of a judgment in the Civil Docket constitutes the entry of the judgment, and the judgment shall not take effect before such entry unless the court in the judgment shall . . . direct that it take effect from the time it is signed . . . ." (Emphasis added). The rule's comments also state that "[i]t is . . . entry on the Civil Docket which triggers the time for appeal." Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 4:47 (citing Pogostin v. Leighton, 216 N.J. Super. 363, 370 (App. Div. 1987)).

We conclude post-judgment interest presumptively accrues on the date when the order of judgment is entered pursuant to Rule 4:47, subject to modification by the trial court in the interests of equity. See Baker, 353 N.J. Super. at 174. We turn to the matter at hand.

The presumptive start date for the accrual of post-judgment interest was August 28, 2020—the day when the Law Division entered its order of judgment awarding attorney's fees. The trial court did not support its modification of the start date to July 20, 2022 with proper findings. See R. 1:7-4. Indeed, the record shows plaintiffs promptly sought payment of the attorney's fees after we issued our opinion in C.E. I. Once the parties' efforts to negotiate payment foundered, plaintiffs timely sought a judgment in the Civil Judgment and Order Docket. Our careful review of the record reveals

both the absence of trial court findings to support a modified accrual date, and a dearth of any factual predicate proffered by defendants which would warrant such a modification. It follows that the court's order of August 29, 2022 modifying the start date was error, and we reverse it.

We remand to the trial court to enter an order applying post-judgment interest from August 28, 2020 to August 29, 2022 on the attorney's fees judgment award of $78,646.

IV.

A.

Plaintiffs next contend that defendants were not entitled to a warrant of satisfaction for payment of the attorney's fees judgment pursuant to Rule 4:48-2, because they did not produce nine documents out of thirty-three sought by plaintiffs. We are unpersuaded.

Rule 4:48-1 states that "[u]pon satisfaction of a judgment . . . a warrant shall be executed and delivered to the party making satisfaction . . . ." As noted in Sturdivant v. General Brass & Machine Corp., 115 N.J. Super. 224, 227 (App. Div. 1971), where a party receives and accepts the judgment amount and the adverse party then files a warrant for satisfaction, such conduct expressly acknowledges the validity of the judgment and operates as a waiver of the right to appeal therefrom. See also Pressler & Verniero, Current N.J.

Court Rules, cmt. 1 on R. 4:48-1 (2023). Rule 4:48-2(b) then provides that, where "a party receiving full satisfaction of a judgment fails to enter satisfaction on the record or deliver a warrant to satisfy, the court may on motion by the party making satisfaction, order satisfaction of the judgment to be entered of record."

Here, the order of judgment awarding attorney's fees was entered in the Civil Docket on August 28, 2020, a judgment for the attorney's fees was entered in the Civil Judgment and Order Docket on July 20, 2022, and defendants paid the judgment on September 13, 2022. The appeal before us challenges the amount of post-judgment interest to be awarded on the judgment. We discern no error in the trial court's decision to grant the warrant of satisfaction upon full payment of that judgment.

B.

Plaintiffs next argue that the trial court abused its discretion by denying their discovery request relating to the nine missing records. Plaintiffs now seek an order compelling defendants to produce a Paff certification. We address plaintiffs' discovery arguments first.

In its August 29, 2022 order, the trial court ordered defendants to submit a certification "as to their compliance with the August 28, 2020, [order]." After reviewing co-defendant Kennedy's responsive certification, the trial

15

court found that "the record demonstrates the defendant's reasonable, diligent, good-faith efforts to be in compliance with all orders, [and] all obligations." The court also noted that Kennedy's certification provided the requisite information regarding the missing records:

> the . . . certification substantively . . . set forth . . . [defendants requisite diligent efforts] for the record so that plaintiff c[ould] understand that although things haven't been received that the efforts have been exhausted and compliance is completed, notwithstanding plaintiff wishing more records could be received. The record fails to demonstrate requisite intent for purposes of the application relief sought here by plaintiff for contumacious conduct and for failing to comply with orders.

On appeal, plaintiffs present nothing of merit in opposition to defendant's proofs that they completed a diligent records search. We conclude the trial court did not abuse its discretion when it declined to order defendants to produce additional evidence regarding their search.

Turning to plaintiffs' demand for a Paff certification, we find the time has passed for such a request. In Paff v. New Jersey Department of Labor, we held that:

> [an] agency to which [an OPRA] request is made shall be required to produce sworn statements by agency personnel setting forth in detail the following information
>
> > (1) the search undertaken to satisfy the request;

16

(2) the documents found that are responsive to the request;

(3) the determination of whether the document or any part thereof is confidential and the source of confidential information;

(4) a statement of the agency's document retention/destruction policy and the last date on which documents that may have been responsive to the request were destroyed.

The sworn statement shall have appended to it an index of all documents deemed by the agency to be confidential in whole or in part, with an accurate description of the documents deemed confidential . . . The index is essentially a "privilege log" that must provide sufficient information "respecting the basis of the privilege-confidentiality-exception claim vis a vis each document."

[392 N.J. Super. 334, 341 (App. Div. 2007) (emphasis omitted) (quoting Hartz Mountain Indus., Inc. v. N.J. Sports & Exposition Auth., 369 N.J. Super. 175, 185 (App. Div. 2004)).]

Defendants produced requested records, as well as evidence of their diligent search for records ultimately not produced. Plaintiffs have been awarded attorney's fees, and now the amount of post-judgment interest due is being litigated. Production of a Paff certification at this stage of the proceedings serves no substantive purpose. The trial court engaged in a proper exercise of discretion when it denied plaintiffs' request for a Paff certification.

17

C.

Plaintiffs claim that that the trial court abused its discretion by entering a protective order precluding Kennedy's deposition.

"[P]roceedings under OPRA are to be conducted in a 'summary or expedited manner.'" MAG Ent., LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 550 (App. Div. 2005) (quoting N.J.S.A. 47:1A-6). As such, Rules 4:67-1 to -6 pertaining to summary actions apply to OPRA claims. Ibid.; see also A.A. v. Gramiccioni, 442 N.J. Super. 276, 281-82 (App. Div. 2015) (citing Rules 4:67-1(a), -2(a) as applying to OPRA claim at issue). Notably, "Rule 4:67-2(a) . . . does not permit the record to be supplemented by depositions or other forms of discovery." Id. at 551-52. In other words, absent a legitimate need, "protracted discovery is simply not suitable, and . . . is not permissible in actions, like OPRA proceedings, that are inherently summary by nature and expedited in manner." Id. at 552.

The trial court found that Kennedy's certification was sufficient to show that he conducted a diligent search for the records. We defer to the findings of the court and discern no error.

D.

Plaintiffs contend they are entitled to a civil penalty under OPRA, specifically N.J.S.A. 47:1A-11, which provides in relevant part:

18

[A] public official, officer, employee or custodian [who] knowingly and willfully violate[s OPRA] . . . and [is found] to have unreasonably denied access under the totality of the circumstances, . . . shall be subject to a civil penalty of $1,000 for an initial violation, $2,500 for a second violation that occurs within [ten] years of an initial violation, and $5,000 for a third violation that occurs within [ten] years of an initial violation . . . Th[is] penalt[y] shall be collected and enforced in proceedings in accordance with the "Penalty Enforcement Law of 1999," . . . and the rules of court governing actions for the collection of civil penalties.

Plaintiffs made no credible showing to the trial court to suggest that defendants knowingly or willfully violated OPRA when they were unable to locate nine of the thirty-three requested records. Consequently, we affirm the trial court's order denying plaintiffs' request for a civil penalty against defendants.

E.

Finally, plaintiffs argue that they should have been granted additional attorney's fees for the post-appeal litigation.

Under N.J.S.A. 47:1A–6, a "person who is denied access to a government record" has the right to an order to compel access and a right to fees. The provision states in pertinent part that, where a court has "determined that access has been improperly denied, . . . [a] requestor who prevails in any proceeding may be entitled to a reasonable attorney's fee." N.J.S.A. 47:1A–6.

19

A plaintiff is a "prevailing party" if a judgment by the court brought about a change in the custodian's conduct. Teeters v. Div. of Youth & Fam. Servs., 387 N.J. Super. 423, 432 (App. Div. 2006). This is true whether the change in the custodian's conduct was "voluntary or otherwise." Spectraserv, Inc. v. Middlesex Cnty. Utils. Auth., 416 N.J. Super. 565, 583 (App. Div. 2010).

Plaintiffs' argument regarding supplemental attorney's fees is without merit. Plaintiffs were awarded attorney's fees because they were a prevailing party in the action that led to the production of requested records under OPRA. This argument rests on the contention that plaintiffs were again a prevailing party when the court partially granted their motion to enforce the August 28, 2020 order on August 29, 2022. However, the August 29, 2022 order required that defendants provide certifications demonstrating compliance with the August 28, 2020 order. Requiring defendants to submit a certification does not constitute a change in defendants' conduct. Teeters, 387 N.J. Super. at 432. It follows that the trial court did not abuse its discretion by denying plaintiffs attorney's fees for post-appeal litigation.

Affirmed in part, reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hanley*

Clerk of the Appellate Division

20

A-1195-22