**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0010-22

NEETI WADHWA,

    Plaintiff-Appellant,

v.

AMIT SETHI,

    Defendant-Respondent.

_____

          Submitted February 6, 2024 – Decided August 6, 2024

          Before Judges Gooden Brown and Natali.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1299-11.

          Neeti Wadhwa, appellant pro se.

          Hira & Strlovski, LLC, attorneys for respondent (Ruchika S. Hira, of counsel and on the brief).

PER CURIAM

    In this post-judgment dissolution matter that has been the subject of multiple appeals, reversals, and remands over the course of ten years, self-

represented plaintiff/ex-wife appeals from paragraphs two, three, and four of the September 16, 2022, Family Part order denying her counsel fees, sanctions, and interest related to defendant/ex-husband's outstanding equitable distribution obligation. On appeal, plaintiff argues that in denying her application, the trial judge did not properly assess defendant's bad faith and non-compliance over the years. We disagree and affirm substantially for the reasons stated by the judge in his comprehensive written decision.

The underlying facts have been thoroughly recounted in four prior appeals and will not be reiterated here. See Wadhwa v. Sethi (Wadhwa I), No. A-3121-11 (App. Div. Apr. 24, 2013); Wadhwa v. Sethi (Wadhwa II), No. A-3121-11 (App. Div. Oct. 10, 2014); N.W. v. A.S. (Wadhwa III), No. A-5309-15 (App. Div. Apr. 3, 2018); and Wadhwa v. Sethi (Wadhwa IV), No. A-4822-18 (App. Div. June 16, 2021). Suffice it to say the parties divorced in 2012 following a bench trial. Among other things, the dual judgment of divorce (DJOD) delineated a custody and parenting time agreement for their only child, defendant's child support obligation, limited duration alimony for plaintiff, and equitable distribution of marital assets that defendant was found to have dissipated.

2

Thereafter, the parties engaged in extensive and protracted post-judgment motion practice largely related to defendant's outstanding equitable distribution obligation and child custody issues. In a January 9, 2015, order, the judge found plaintiff in violation of litigant's rights for moving out of state with the child without court approval. In a June 29, 2016, order, the parties agreed to set defendant's outstanding equitable distribution obligation at $171,735,[1] but the judge denied plaintiff's request for counsel fees, statutory interest on the unpaid equitable distribution, or sanctions of $100 per day.

Plaintiff appealed. In Wadhwa III, slip op. at 16-17, we reversed the June 29, 2016, order and remanded for further proceedings because the judge did not make specific findings of fact or conclusions of law as required by Rule 1:7-4(a). On May 7, 2018, following a case management conference, the parties executed a consent order requiring defendant to pay plaintiff $100,000 in satisfaction of his outstanding equitable distribution obligation. In exchange, defendant agreed to forego possible offsets. Issues related to sanctions "for six years of non-payment," as well as counsel fees remained outstanding, and the judge permitted the parties to submit their requests on those remaining issues in

---

[1] We round all monetary amounts to the nearest dollar.

A-0010-22

supplemental pleadings, which requests were later denied in an order entered on April 4, 2019.

On April 22, 2019, plaintiff moved to enforce the May 7, 2018, consent order, averring that defendant still owed her $12,650 of the $100,000 equitable distribution settlement amount. Plaintiff asserted that defendant had attempted to offset $12,650 from a TD Ameritrade investment account that was exclusively hers under the DJOD to satisfy his outstanding equitable distribution obligation. Plaintiff sought sanctions at $100 per day beginning from July 14, 2018, when the entire $100,000 equitable distribution settlement was due; three percent interest on $171,735 for the period from March 2012 to July 2016; and counsel fees since October 2014, totaling $56,185. Defendant opposed the motion and cross-moved for reconsideration of his request for counsel fees. On June 12, 2019, the judge entered an order denying as moot plaintiff's motion for payment of $12,650. In support, the judge relied on defendant's exhibit showing his payments. The judge also denied plaintiff's request for sanctions or interest on the equitable distribution obligation, and again denied the parties' respective requests for counsel fees.

A-0010-22

Plaintiff appealed. In <u>Wadhwa IV</u>, slip op. at 26, among other things, we reversed and remanded on the issues of sanctions, interest, and counsel fees. As to sanctions, we explained:

> The order denying application of sanctions here was made without any findings of fact or explanation. <u>Rule</u> 1:7-4(a) requires that in all actions tried without a jury, the court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law . . . ."
>
> [<u>Id.</u> at 18 (omission in original).]

As to plaintiff's request for interest, we stated:

> [P]laintiff claimed at the May 4, 2018[,] settlement conference that she was entitled to interest for six years of nonpayment. In her 2016 motion, she requested "statutory interest" and argued that interest was appropriate because she could have invested the money. Plaintiff never relinquished those claims. Therefore, the trial court should have considered plaintiff's request for interest in the April 9, 2019[,] and June 12, 2019[,] orders. Having not done so, that portion of those orders also are reversed and remanded for further proceedings.
>
> [<u>Id.</u> at 19-20.]

On the issue of counsel fees, we expounded:

> The trial court denied both parties' requests for fees. In its April 4, 2019[,] order, the court provided a statement of reasons noting it needed to consider "the requesting party's need, the requesting party's financial ability to pay, and the requesting party's good faith in instituting or defending the action," citing <u>Williams v.</u>

5

Williams, 59 N.J. 229, 233 (1971). However, the only finding the court made was that it "finds no bad faith on the part of either party." There was no explanation what facts of record supported that decision. We do not know what the court considered or found about the parties' ability to pay or their need. There was no consideration of the other factors in Rule 4:42-9 or Rule 5:3-5(c).

[Id. at 21-22.]

Likewise, as to the June 12, 2019, order, we stated:

[T]he court once again denied the applications for fees. The court reiterated its finding that neither party had acted in bad faith and set forth in part, the arguments the parties made that the other had acted in bad faith. The court then said it had not overlooked any information nor had it erred in the prior order. It did not explain what it considered or how it analyzed the applicable factors. We are constrained to reverse the April 4, 2019[,] and June 12, 2019[,] orders that address attorney's fees and remand that issue to the trial court for further proceedings.

[Id. at 22-23.]

On remand, following a hearing conducted on May 17, 2022, the judge entered an order on September 16, 2022, again denying plaintiff's request for counsel fees, sanctions, and interest.[2] In a twenty-page written opinion filed on

---

[2]  In the order, the judge directed defendant to pay plaintiff the remaining $12,650 in equitable distribution by October 1, 2022. Plaintiff does not challenge that ruling.

6

August 1, 2022, the judge made findings of facts and conclusions of law based on the record and the applicable legal principles. In concluding that the parties should "pay their respective attorney fees," the judge acknowledged that plaintiff had achieved some success in her appeals. Nonetheless, the judge considered that both parties "earn[ed] relatively similar income[s],"[3] "have accrued substantial attorney fees over a ten . . . year period,"[4] "have acted in bad faith throughout the history o[f] the litigation,"[5] and never asserted an "inability to pay their attorney fees."

In denying plaintiff's request for sanctions, the judge reasoned that such additions to the settled equitable distribution obligation would be unjust to

---

[3] The judge noted that as of May 17, 2022, plaintiff earned $106,000 annually, while defendant earned $155,000 annually, and paid monthly child support of $1,300.

[4] The judge found that plaintiff had incurred approximately $130,000 in counsel fees, while defendant had incurred about $170,000. Additionally, plaintiff was previously awarded $13,500 in attorney fees.

[5] The judge noted that neither party was deemed "completely credible" during the divorce trial, and neither party's arguments were deemed "completely trustworthy" during the May 17, 2022, hearing. Further, "[b]oth parties have had to file several motions, including applications pertaining to plaintiff's unauthorized relocation with minor child outside the [S]tate of New Jersey, and [d]efendant's alleged bad faith in failing to pay the amounts owed from equitable distribution."

A-0010-22

defendant. First, the judge pointed out that defendant's transfer of the Ameritrade account did not satisfy the remaining $12,650 on defendant's outstanding equitable distribution obligation because the Ameritrade account did not belong to him but belonged to plaintiff. However, according to the judge, the problem arose from defendant's "confusion" about the wording in a prior judge's opinion, rather than malicious conduct on defendant's part.[6]

Next, the judge explained:

> Pursuant to [Rule] 1:10-3, the court does not find that defendant's actions of not paying the $12,650[] were willful. The court notes that defendant transferred the Ameritrade account prior to the July 14[], 2018, deadline.
>
> The purpose of sanctions is to provide relief to a litigant who has not received what a court order judgment entitles that litigant to receive.
>
> When asked by the court . . . , plaintiff advised that she is looking for sanctions of $100[] per day on the $171,735[] amount between January 30, 2012, to May 7, 2018. When asked why she believes she is entitled to sanctions, plaintiff responded by explaining that 1) it was more than three . . . years before a payment was made by defendant; 2) defendant presented repeated delay tactics in paying the amount owed to her[;] and 3) she had to file multiple filings with the court to obtain what is rightfully hers. That

---

[6] In <u>Wadhwa IV</u>, we had noted that the problem arose from the fact that "both parties appear[ed] to claim ownership of the TD Ameritrade account." Slip op. at 23-24.

being said, the May 4, 2018, consent order resolved all issues and claims of equitable distribution.

The court finds it entirely absurd for sanctions of $100[] to be imposed for every day between January 30, 2012, to May 7, 2018. Firstly, there are 2[,]289 days between January 30, 2012, to May 7, 2018. Sanctions of $100[] per day[] would result in an amount of $228,900[] being imposed against defendant. $228,900[] is more than the original equitable distribution amount of $171,735[]. Secondly, and more importantly, the May 2018 consent order resolved all issues of equitable distribution. The parties entered into an agreement that reduced any remaining amounts owed by defendant to the specific monetary amount of $100,000[]. The court cannot justify imposing sanctions[] when the parties entered a new settlement agreement in good faith, which resolved the remaining issues.

Finally, in rejecting plaintiff's request for interest, the judge found that under the terms of the May 4, 2018, consent agreement, plaintiff expressly "agreed that all further equitable distribution claims were waived." According to the judge, "[a]s a consequence, any claim to interest [was] also waived." Upon reviewing the transcripts, the judge recounted that "the issue of interest was addressed [by the court] on May 4, 2018," and "the court explained to plaintiff that she [was] not entitled to the settlement plus interest." The judge found that "both parties were put on notice on the issue of interest" and plaintiff had the option of withdrawing from the settlement discussions "[i]f the

9

settlement was not acceptable." Thus, the judge concluded that granting interest "would create an unjust result."

The judge reasoned that interest calculated on $100,000 would be "more than 20[ percent] higher than the settled amount," and interest on the original equitable distribution obligation of $171,735 "would allow . . . plaintiff to reach the same benefit from the same asset twice[,] which would result in double dipping." The judge continued, "[i]n other words, plaintiff would receive interest on $171,735[] . . . for the months of March 2012 to July 2016, in addition to the $100,000[] settlement." The judge determined he would enforce the terms of the settlement agreement as agreed to by the parties because neither party "argued that the consent order should be invalidated" and there was no evidence of "fraud or compelling circumstances."

In this ensuing appeal, plaintiff challenges the judge's decision, arguing the judge did not consider the "substantial evidence" of defendant's "bad faith," "willful contempt," and "noncompliance" with court orders. Plaintiff asserts that counsel fees should have been awarded because of defendant's superior financial position, false claims of financial inadequacy, and bad faith throughout the post-judgment proceedings. Plaintiff further argues that in denying sanctions of $100 per day, the judge erred by "fail[ing] to consider that there

were [seven] court orders . . . [d]efendant has not complied with for the last [ten] years" despite the absence of any stay order. Plaintiff also argues that the judge erred in denying her request for interest on the original $171,735 owed to her under the DJOD because if she had received timely payment, those monies could have been invested and grown interest. Additionally, plaintiff claims that interest was never part of the May 2018 consent order settlement.

We reject plaintiff's contentions for the reasons stated by the judge. In his decision, the judge demonstrated considerable knowledge of the voluminous record, made findings supported by credible evidence in the record, and applied the governing legal principles. We add the following brief comments.

Our scope of review of the Family Part's order is limited. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007)).

A-0010-22

Although we owe no deference to the trial court's legal conclusions, Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), we will not interfere with "'the factual findings and legal conclusions of the trial [court] unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion," Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (omission in original) (quoting Cesare, 154 N.J. at 412). Stated differently, "we accept the trial judge's conclusion when evidentially supported" and "reverse only to 'ensure that there is not a denial of justice' because the family court's 'conclusions are . . . "clearly mistaken" or "wide of the mark."'" Id. at 48 (quoting N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008)).

Likewise, an "award of counsel fees and costs in a matrimonial action rests in the [sound] discretion of the trial court." Guglielmo v. Guglielmo, 253 N.J. Super. 531, 544-45 (App. Div. 1992) (citing Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). We will disturb a counsel fee decision "only on the 'rarest occasion,'" Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)), and, even then, only on "an abuse of discretion involving a clear error in judgment," Tannen v. Tannen,

12

A-0010-22

416 N.J. Super. 248, 285 (App. Div. 2010). Stated differently, we will intervene only when a trial judge's determination of fees is based on "irrelevant or inappropriate factors" and is "not premised upon consideration of all relevant factors." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (citing Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)); see also Slutsky v. Slutsky, 451 N.J. Super. 332, 366 (App. Div. 2017) ("An allowance for counsel fees is permitted to any party in a divorce action, R. 5:3-5(c), subject to the provisions of Rule 4:42-9."); N.J.S.A. 2A:34-23 ("[T]he court shall determine the appropriate [counsel fee] award . . . if any, . . . [after] consider[ing] the factors set forth in [Rule 5:3-5], the financial circumstances of the parties, and the good or bad faith of either party.").

Similarly, we review a trial court's imposition of sanctions under an abuse of discretion standard. See Innes v. Carrascosa, 391 N.J. Super. 453, 498 (App. Div. 2007). We have described the imposition of a monetary sanction as "an entirely proper tool to compel compliance with a court order." Franklin Twp. Bd. of Educ. v. Quakertown Educ. Ass'n, 274 N.J. Super. 47, 55 (App. Div. 1994). Nevertheless, monetary sanctions "must be fashioned in an amount sufficient to sting and force compliance, but must not be so excessive as to constitute ruinous punishment." E. Brunswick Bd. of Educ. v. E. Brunswick

Educ. Ass'n, 235 N.J. Super. 417, 422 (App. Div. 1989); see also Ridley v. Dennison, 298 N.J. Super. 373, 381 (App. Div. 1997) ("Relief under R. 1:10-3 . . . is not for the purpose of punishment, but as a coercive measure to facilitate the enforcement of the court order."). Additionally, only when the court has determined "the non-compliant party was able to comply with the order and unable to show the failure was excusable," may it "impose appropriate sanctions." Milne v. Goldenberg, 428 N.J. Super. 184, 198 (App. Div. 2012).

Additionally, "[e]xcept as otherwise ordered by the court or provided by law" the "grant or denial [of post-judgment interest] is discretionary with the trial judge." Lehmann v. O'Brien, 240 N.J. Super. 242, 249 (App. Div. 1989) (first alteration in original); accord Marko v. Zurich N. Am. Ins. Co., 386 N.J. Super. 527, 531-32 (App. Div. 2006). "[W]hile case law suggests that fixing post-judgment interest at the legal rate is the standard, the analysis adopted by the courts in reaching their decisions clearly incorporates an equitable component." Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 264 (App. Div. 1997). "R[ule] 4:42-11(a) applies unless there[ is] some substantial reason why it shouldn't . . . ." Ibid. (internal quotation marks omitted); see R. 4:42-11(a) (providing that "[e]xcept as otherwise ordered by the court or provided by law, judgments, awards and orders for the payment of money, taxed costs and

14

attorney's fees shall bear simple interest"); <u>Marko</u>, 386 N.J. Super. at 532 ("Both the court rule and our case law clearly indicate that a judgment creditor is entitled to post-judgment interest at the rate specified in <u>R</u>[ule] 4:42-11(a) absent an extraordinary and equitable reason.").

Applying these principles, we discern no abuse of discretion and no basis in fact or law to intervene. The record amply supports the judge's factual findings. The judge's legal conclusions are consistent with the controlling legal principles and are thus unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0010-22