**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2718-22

PAMI REALTY, LLC,

        Plaintiff-Appellant/
        Cross-Respondent,

v.

LOCATIONS XIX, INC. d/b/a
LOCATIONS CONSTRUCTION,

        Defendant-Respondent/
        Cross-Appellant.

_____

Submitted April 28, 2025 – Decided October 21, 2025

Before Judges Gummer and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5845-18.

Ferrara Law Group, PC, attorneys for appellant/cross-respondent (Ralph P. Ferrara and Kevin J. Kotch, of counsel and on the briefs).

Post Polak, PA, attorneys for respondent/cross-appellant (David L. Epstein and Kathryn A. Kopp, on the briefs).

The opinion of the court was delivered by

GUMMER, J.A.D.

In Pami Realty, LLC v. Locations XIX Inc., 468 N.J. Super. 546, 561 (App. Div. 2021), we reversed orders denying defendant's motion to confirm an arbitration award and granting plaintiff's cross-motion to vacate the award. We remanded the case with instructions the trial court conduct an evidentiary hearing to resolve factual disputes regarding whether the parties had "agreed the arbitrator could participate in settlement discussions and resume his role as arbitrator." Id. at 559. After conducting the evidentiary hearing on remand, the trial court found that the parties had agreed the arbitrator could participate in settlement discussions and resume his role as arbitrator and that the arbitrator had not exceeded his authority in issuing an award in defendant's favor. The court entered an order granting the motion to confirm the arbitration award and denying the cross-motion to vacate it. It also entered an order of final judgment, in the amount awarded by the arbitrator but without post-judgment interest.

Plaintiff appeals the orders, contending the court erred in permitting the arbitrator to testify at the evidentiary hearing, in its assessment of the burden of proof, and in finding the parties had an agreement. Defendant cross-appeals the order of judgment, arguing the court erred in not awarding post-judgment

2

interest. We conclude the trial court erred in not awarding post-judgment interest in part, reverse that aspect of the order of judgment, and remand with instructions to issue an amended order of judgment that includes a partial award of post-judgment interest consistent with this opinion. Perceiving no other errors or abuse of discretion, we otherwise affirm.

I.

The procedural history of this case, which we detailed in Pami, 468 N.J. Super. at 550-55, is well known to the parties. We focus on the aspects of that history that are particularly relevant to this appeal.

Following our remand of the case, the trial court conducted a case management conference. The court framed the issue before it as: "[d]id the parties agree or not agree that the arbitrator could interrupt the arbitration proceedings and mediate . . . and then return, if that [mediation] was unsuccessful." In response, plaintiff's counsel asserted "even though we're the plaintiff in this case, . . . the burden now shifts to the defendant to prove that that agreement was changed and that the parties . . . agreed to it." Defense counsel replied it was plaintiff's "burden to present . . . evidence about why [it] think[s] the arbitration award is invalid."

The court referenced and quoted from the following portion of our opinion:

> The agreement between the parties and the arbitrator provided that "[e]xcept on basic procedural matters, the parties (and their representatives) shall have no ex parte communications with the Arbitrator concerning the arbitration." Although the agreement did not reference mediation, it contained the following provisions regarding settlement:
>
> > 4. Your client(s) and/or representative(s) of your client(s) with authority to settle must be either present at the arbitration or immediately available by phone to facilitate any settlement discussions and decisions.
> >
> > 5. The parties agree that all discussions, if any, concerning settlement remain confidential, and that no party shall subpoena the Arbitrator to testify concerning statements made by anyone during the arbitration or during settlement discussions. Nor will any party subpoena documents generated by or during the arbitration. The parties will defend the Arbitrator from any subpoena(s) issued by third parties, or reimburse the Arbitrator for such defense, at the Arbitrator's discretion.
>
> [Id. at 550-51.]

The court again addressed the question before it: "Did the parties agree to depart from the arbitration hearing, attempt mediation, and with the arbitrator

becoming, in effect, a mediator and if it was unsuccessful, did they agree that the arbitrator would resume the hearing he was conducting and continue?" It initially commented "plaintiff is now contesting the award so, it's plaintiff's burden" but then stated "[i]t's really nobody's burden. It's really, the [c]ourt has to determine from the witnesses what happened." The court explained that we had remanded the case for "a fact hearing to determine whether or not the arbitrator was given authority to conduct mediation and then return to his role as arbitrator, if the mediation was unsuccessful." It found, "that's what we're here for."

During the conference, the court also addressed whether the arbitrator could testify during the evidentiary hearing. In Pami, we held:

> We are, and the motion judge should be, mindful that the agreement retaining the arbitrator provided "no party shall subpoena the Arbitrator to testify concerning statements made by anyone during the arbitration or during settlement discussions." We leave it to the motion judge to determine the meaning and application of that provision under the present circumstances and the structure and scope of the evidentiary hearing, with the understanding that the point of the hearing is to resolve the parties' conflicting factual contentions regarding whether they agreed the arbitrator could participate in settlement discussions and resume his role as arbitrator.
>
> [Id. at 559-60.]

In deciding whether the arbitrator could testify, the trial court recognized that "the general prohibitions against a neutral testifying are that the neutral cannot comment on the substance of what occurred during the arbitration or evidence or any of the substantive disputes between the parties." The court determined the arbitrator was "a competent witness because the issue in this case has to do with a determination of his jurisdiction." The court held the arbitrator could testify only about the "procedural issue" of whether the parties had agreed he could resume his role as arbitrator after mediating the case. The court directed that the arbitrator could not "answer any questions about how he formulated his decision" or about "the substance of the mediation, . . . the reasons why the parties mediated, what did they say, what did they do." The court also found the issue before the court regarding whether the parties had an agreement concerning the arbitrator's role "require[d] the testimony of" the arbitrator.

During the hearing, the arbitrator testified that when the issue of him mediating the case arose during the arbitration, the "first thing [he] emphasized to them was that [he] would need both of them to waive any objection of [him] mediating." According to the arbitrator, he "made sure [he] emphasized to them how important that consent was" and "made it clear before [they] started . . . the settlement talks . . . that they would have to consent not only to [him] mediating

6

it, but if it did not settle, to [him] continuing to arbitrate the case . . . ." The arbitrator testified he told the parties if they did not consent, they "either could continue with the arbitration or they could get . . . another mediator to mediate the case . . ." and made it "crystal clear" that without their consent, he could not mediate the case and then continue as arbitrator if the parties did not settle the case. In addition to testifying the parties had consented to him resuming his role as arbitrator after mediating the case, the arbitrator stated that no one had complained about him resuming his role as arbitrator after the unsuccessful mediation efforts until he informed the parties he was rendering an arbitration award in favor of defendant.

Plaintiff's counsel testified that after counsel had completed the examination of a witness at around lunch time, the arbitrator came into plaintiff's "breakout room" and stated, "arbitration is over for today and we're going to settle the case." Counsel denied discussing with the arbitrator a possible dual role as arbitrator and mediator and denied the arbitrator had asked for the parties' consent to act as both. He confirmed he had agreed to continue the arbitration after the unsuccessful mediation effort and had not objected to the arbitrator

7

acting as both mediator and arbitrator until after the arbitrator advised the parties he was issuing an arbitration decision in defendant's favor.[1]

In his testimony, defense counsel denied the arbitrator had tried to force the parties into having settlement discussions and testified the arbitrator had made it "very clear" to the parties "that if he was going to assist the parties in these settlement discussions and if it didn't work out, the parties were agreeing that he would continue as arbitrator." He did not recall the specific language the arbitrator had used but testified that "it was very clear that the parties were agreeing to engage in settlement instructions with the clear understanding that the parties were agreeing that if the settlement discussions didn't work out that [the arbitrator] would continue as arbitrator."

Another attorney who had represented defendant at the arbitration testified the arbitrator had said if the parties wanted to proceed with him acting as mediator, they would "have to waive any conflict." According to that attorney, the arbitrator stated that if the parties waived the conflict, they would proceed with the mediation but if they did not waive it, the arbitrator could not "go

---

[1] In response to an objection to this line of questioning, the court permitted defense counsel to "inquire as to the . . . actions after the mediation failed. Those are the facts. They go to credibility and they're relevant." Consistent with Pami, 468 N.J. Super. at 560, the court held "[w]hether . . . [p]laintiff through its counsel waived anything, . . . is not relevant at all."

forward" as mediator. The attorney testified plaintiff's counsel had consented on behalf of plaintiff. Defendant's principal also testified during the evidential hearing. He confirmed the arbitrator had obtained consent from the parties to continue in his role as arbitrator if the mediation failed.

On February 15, 2023, the court placed a decision on the record granting defendant's motion to confirm the arbitration award and denying plaintiff's cross-motion to vacate it. On February 23, 2023, the court entered an order with a statement of reasons memorializing that decision. In its oral decision and written statement of reasons, the court made detailed credibility determinations regarding the witnesses who had testified during the evidentiary hearing on remand. We do not need to repeat those determinations here. In sum, the court found the arbitrator's and defendant witnesses' testimony "more reasonable and credible" than plaintiff's counsel's testimony. The court concluded:

> [The arbitrator] properly raised the issue of settlement during the arbitration hearing; that at the time counsel obtained consent from their respective parties, the [a]rbitrator addressed all parties in person; that the [a]rbitrator specifically and clearly informed all counsel and parties, at the same time, that for him to be involved in any way in settlement discussions, he needed the agreement of both parties that, if settlement discussions failed, he could resume the arbitration hearing; that neither party, nor any attorney, raised any objection to this agreement; and that all parties and

counsel agreed that the [a]rbitrator could continue the arbitration hearing if settlement was unsuccessful.

The court "answer[ed] in the affirmative that 'the parties agreed the arbitrator could participate in settlement discussions and resume his role as arbitrator,'" (quoting Pami, 468 N.J. Super. at 559). Finding the arbitrator had not exceeded his authority, the court granted the motion to confirm the arbitration award pursuant to N.J.S.A. 2A:23B-22 and denied the cross-motion to vacate the award under N.J.S.A. 2A:23B-23(a)(4).

On March 29, 2023, pursuant to N.J.S.A. 2A:23B-25(a), the court entered an order of final judgment, awarding a judgment in defendant's favor and against plaintiff "in the amount of the June 15, 2020 Arbitration Award . . . namely, $342,494.50." As stated in the order, the court declined to grant post-judgment interest "because the monies were placed in a trust account, and the final judgment is not the arbitration award."

This appeal and cross-appeal followed.

## II.

"Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review." 160 W. Broadway Assocs., LP v. 1 Mem'l Drive, LLC, 466 N.J. Super. 600, 610 (App. Div. 2021) (quoting Seidman v. Clifton Sav. Bank, SLA, 205 N.J. 150, 169 (2011)). "[W]e

do not disturb the factual findings . . . of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . ." Ibid. (quoting Seidman, 205 N.J. at 169).

"In reviewing the judge's findings, '[w]e do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence.'" Ibid. (alteration in original) (quoting Mountain Hill, LLC v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008)). "Deference is particularly appropriate when the court's findings depend on credibility evaluations made after a full opportunity to observe witnesses testify, Cesare v. Cesare, 154 N.J. 394, 412 (1998), and the court's 'feel of the case.'" Accounteks.Net, Inc. v. CKR Law, LLP, 475 N.J. Super. 493, 503 (App. Div. 2023) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). "[A] trial court's evidentiary rulings are entitled to deference absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment." State v. Singh, 245 N.J. 1, 12 (2021) (alteration in original) (quoting State v. Nantambu, 221 N.J. 390, 402 (2015)).

However, "we owe no deference to the judge's interpretation of the law and the legal consequences that flow from established facts." 160 W. Broadway Assocs., 466 N.J. Super. at 498 (citing Manalapan Realty, LP v. Twp. Comm.

of Manalapan, 140 N.J. 366, 378 (1995)). Thus, "[w]e review de novo a trial court's legal conclusions, . . . including decisions to affirm or vacate arbitration awards." Pami, 468 N.J. Super. at 556; see also Sanjuan v. Sch. Dist. of W. N.Y., 256 N.J. 369, 381 (2024) (reviewing de novo a decision on a motion to vacate an arbitration award, while "be[ing] mindful of New Jersey's 'strong preference for judicial confirmation of arbitration awards'" (quoting Middletown Twp. PBA Loc. 124 v. Township of Middletown, 193 N.J. 1, 10 (2007))).

Plaintiff argues the court erred in permitting the arbitrator to testify during the evidentiary hearing on remand. Plaintiff contends the New Jersey Arbitration Act (the Act), N.J.S.A. 2A:23B-1 to -36, and the parties' arbitration agreement prohibited the arbitrator from testifying. We disagree.

In reaching that conclusion, we are guided by principles of statutory and contract interpretation. See Roach v. BM Motoring, LLC, 228 N.J. 163, 174 (2017) (finding "arbitration agreements . . . are contracts governed by principles of contract law"). "The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." Garden State Check Cashing Serv., Inc. v. Dep't of Banking & Ins., 237 N.J. 482, 489 (2019) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). "If a statute's plain language is clear, we apply that plain meaning and

A-2718-22

end our inquiry." Ibid.; see also Sanchez v. Fitness Factory Edgewater, LLC, 242 N.J. 252, 260 (2020) (holding, "we need delve no deeper than the act's literal terms." (quoting State v. Gandhi, 201 N.J. 161, 180 (2010))). When a court interprets a contract, "[t]he plain language of the contract is the cornerstone of the interpretive inquiry; 'when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result.'" Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 616 (2020) (quoting Quinn v. Quinn, 225 N.J. 34, 45 (2016)).

Applying those principles to the evidence in the record, we perceive no legal error or abuse of discretion in the court's decision to allow the arbitrator to testify. The Act prohibits an arbitrator from testifying about "any statement, conduct, decision, or ruling occurring during the arbitration proceeding." N.J.S.A. 2A:23B-14(d) (emphasis added). The parties' arbitration agreement provided discussions "concerning settlement" would be confidential and barred the parties from compelling an arbitrator to "testify concerning statements made by anyone during the arbitration or during settlement discussions." The court prohibited the arbitrator from testifying about his arbitration decision, "the substance of the mediation," and the parties' statements and actions during the mediation. The court carefully limited the arbitrator's testimony to the direct

procedural issue before the court: "whether the parties [had] agreed the arbitrator could participate in settlement discussions and resume his role as arbitrator." Pami, 468 N.J. Super. at 559. Counsel for both parties confirmed the arbitrator had raised the idea of the parties engaging in settlement negotiations during a break in the arbitration. The arbitrator did not testify about the substance of the settlement discussions or decisions he made in the arbitration. On that record, neither the plain language of the Act nor the arbitration agreement prohibited the arbitrator from testifying about the limited issue allowed by the court.

Plaintiff argues the court erred in its assessment of the burden of proof to be applied at the evidentiary hearing on remand. Plaintiff contends defendant bore the burden of proof because "it was in [defendant's] interest to establish an agreement that the arbitrator could continue after he had conducted the mediation." But the applicable statutory language does not support that conclusion.

Defendant moved to confirm the arbitration award under N.J.S.A. 2A:23B-22. That statute permits a party, on receiving notice of an arbitration award, to "file a summary action with the court for an order confirming the award, at which time the court shall issue a confirming order unless the award

14

is modified or corrected pursuant to section 20 or 24 of this act or is vacated pursuant to section 23 of this act." N.J.S.A. 2A:23B-22 (footnotes omitted). To prevail on its motion, that's what defendant had to establish.

Plaintiff cross-moved to vacate the arbitration award pursuant to N.J.S.A. 2A:23B-23(a)(4), which permits a party to file a summary action asking the court to vacate an arbitration award if "an arbitrator exceeded the arbitrator's powers." To prevail on its cross-motion, that's what plaintiff had to establish. And it failed to do so.

Moreover, even if, as plaintiff contends, defendant bore the burden of proving the parties had agreed the arbitrator could participate in settlement discussions and then resume his role as arbitrator, defendant met that burden. The purpose of the evidentiary hearing was clear from our opinion in Pami, 468 N.J. Super. at 559, as well as the court's consideration of that opinion during the post-remand case management conference. The parties had notice and a full and fair opportunity to present evidence they believed supported their respective positions. After considering the evidence presented and the credibility of the testimony of the witnesses called by each party, the court rendered factual findings, concluding the parties had agreed the arbitrator could participate in settlement discussions and then resume his role as arbitrator. Those factual

15

A-2718-22

findings were supported by "adequate, substantial, credible evidence," and we have no basis to disturb them. Satz v. Satz, 476 N.J. Super. 536, 549 (App. Div. 2023) (quoting Cesare, 154 N.J. at 411-12). Accordingly, we affirm the February 23, 2023 order granting defendant's motion to confirm the June 15, 2020 arbitration award and denying plaintiff's cross-motion to vacate it. We also affirm the aspect of the March 29, 2023 order of final judgment entering judgment in favor of defendant and against plaintiff.

We turn now to defendant's cross-appeal. Defendant argues the court erred by declining to award post-judgment interest in the order of judgment. Defendant contends that, pursuant to Rule 4:42-11(a), it was entitled to an award of post-judgment interest accruing from the date of the arbitration award, June 15, 2020, through the date the award was confirmed, February 15, 2023.

Rule 4:42-11(a) governs the award of post-judgment interest. It provides that "[e]xcept as otherwise ordered by the court or provided by law, judgments, awards and orders for the payment of money, taxed costs and attorney's fees shall bear simple interest as" further set forth in the rule. R. 4:42-11(a) (emphasis added). "[I]t is well established that 'a judgment creditor is entitled to post-judgment interest at the rate specified in [Rule] 4:42-11(a) absent an extraordinary and equitable reason.'" C.E. v. Elizabeth Pub. Sch. Dist., 481 N.J.

16

Super. 172, 178-79 (App. Div. 2025) (second alteration in original) (quoting Marko v. Zurich N. Am. Ins. Co., 386 N.J. Super. 527, 532 (App. Div. 2006)). "[T]he grant of post-judgment interest is ordinarily not an equitable matter within the court's discretion but is, as a matter of longstanding practice, routinely allowed." Id. at 180 (quoting Marko, 386 N.J. Super. at 531). That longstanding practice was "codified by Rule 4:42-11(a)." Id. at 179.

"[P]ost-judgment interest cannot start to run until the precise amount of money damages is fixed." Bd. of Educ. of Newark v. Levitt, 197 N.J. Super. 239, 248 (App. Div. 1984). In the context of arbitration awards, "interest . . . usually relates back to the date of the award." Jefferson Twp. v. Toro Dev. Corp., 199 N.J. Super. 459, 469 (App. Div. 1985). In this case, the amount of money damages was set by the arbitrator in the June 15, 2020 arbitration award.

A litigant is entitled to post-judgment interest "as of right." R. Jennings Mfg. Co., v. Northern Elec. Supply Co., 286 N.J. Super. 413, 416 (1995); see also C.E., 481 N.J. Super. at 180 (same). However, courts retain discretion to modify awards based on equitable considerations. See Baker v. Nat'l State Bank, 353 N.J. Super. 145, 173 (App. Div. 2002) (holding a trial court may vary the post-judgment interest award "in the interests of equity"); Jefferson, 199 N.J. Super. at 469 (recognizing Rule 4:42-11(a) permits a court to adjust a

post-judgment interest award "due to the special nature of the situation before him [or her]").  In <u>Jefferson</u>, 199 N.J. Super. at 469, we described the following as "special circumstances" that may justify departing from the "usual rule" regarding post-judgment interest:

> Had the parties settled for a specified sum with the implied consideration that the funds would be expeditiously secured and paid over, or if the amount to be paid was proceeds of a nonproductive asset which was to be sold, so that the paying party was not retaining funds which generated income to the date set for payment, or if other matters were present that warranted a departure from this interest rule, a trial judge could so direct.

However, if "the circumstances are such that elimination or modification of post-judgment interest is unwarranted," a trial court must award post-judgment interest.  <u>Marko</u>, 386 N.J. Super. at 532.

In the order of judgment, the court declined to award post-judgment interest "because the monies were placed in a trust account, and the final judgment is not the arbitration award."  The court presumably was referencing the parties' agreement, as memorialized in a May 15, 2019 consent order, that "pending completion of the arbitration proceeding between the parties and the issuance of an arbitration award," plaintiff would "deposit the sum of $274,924.37 in good funds into the attorney trust account of its attorneys . . . in

lieu of the bond referenced in the parties' settlement agreement" and defendant, on receiving proof of deposit of those funds, would "take the necessary steps to discharge the subject construction liens."  The parties also agreed that if defendant prevailed in the arbitration proceeding, plaintiff's law firm would pay the deposited funds directly to defense counsel "to satisfy the arbitration award." They did not agree to the payment of post-judgment interest in addition to the deposited funds.

Given the parties' agreement as memorialized in the May 15, 2019 consent order, we perceive no abuse of discretion in the court's decision not to award post-judgment interest on the $274,924.37 dollars defendant agreed would be held in plaintiff's counsel's attorney trust account pending the completion of the arbitration.  That agreement constituted special circumstances warranting departure from the usual rule concerning post-judgment interest.  The agreement to deposit the funds in the attorney trust action "implied condition that the funds would be expeditiously secured and paid over" and, although defendant did not have the benefit of those funds during the arbitration proceedings, neither did plaintiff.  Jefferson, 199 N.J. Super. at 469.

But, of course, the arbitration award exceeded the amount of the deposited funds by $67,570.13, and the special circumstances involving the deposited

19

funds do not apply to the additional amount awarded by the arbitrator. Accordingly, the court abused its discretion in failing to award post-judgment interest on the amount of the arbitration award that exceeded the amount of the deposited funds. Thus, we reverse the aspect of the March 29, 2023 order of final judgment denying any award of post-judgment interest and remand with instructions the trial court calculate post-judgment interest pursuant to Rule 4:42-11(a) on the $67,570.13 of the arbitration award that exceeded the deposited funds and issue an amended order of judgment including that award of post-judgment interest.

Affirmed in part; reversed in part; and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division